## TOWLE vs. EWING.

*Execution of Power.*

Where a life estate in land was devised to A., with a power in him to sell the entire interest, a mere quit-claim deed executed by him in the ordinary form *held* to convey only his life estate, and not to be an execution of the power.

APPEAL from the Circuit Court for *Washington* County.

The will of Clarke J. Towle, deceased, after directing that his funeral expenses and debts be paid out of his personal estate, devised and bequeathed all his real and personal estate to his mother, Anna Towle, " to have and to hold during her natural life, with the right to sell and convey the same ;" and the following provision was added: "Should my brother, Jackson Towle, outlive my said mother, Anna Towle, it is my will that any residue or remainder of my estate, or the avails of any sale of a part or of the whole of my said estate, of which my said mother shall be in possession at the time of her death, shall go to my said brother, Jackson Towle, and his heirs," etc. The land described in the will was sold by order of the probate court, for the payment of debts of the estate. Anna Towle, in September, 1865, " for a consideration of $1,000 expressed in the deed," sold and conveyed, by quit-claim deed, said land (seventy-two acres) to *Ewing ;* and, in February, 1866, she died intestate. Jackson Towle died intestate in April, 1865, without issue, and without ever having been married; and in July following, letters of administration on the estate of said Clarke J. Towle, with the will annexed, were granted to *Simon Towle,* the father of the deceased. In 1867, on the final settlement of said estate, *Simon Towle,* as sole heir at law, claimed the residue of the estate, which was about $665; and *Ewing* claimed the same by virtue of his said purchase. The circuit court (to which the matter of said estate had been removed

from the county court) decreed that the money be paid to *Ewing;* and *Simon Towle* appealed.

*Frisby & Weil,* for appellant, argued, that Anna Towle took only a life estate, with a power to sell (6 Cruise, 148–150 ; 16 Johns. 588); and that upon the appointment of an administrator (or certainly after he took actual possession of the land), her power to sell was suspended — the land being in the possession of the law — except that she might convey her life interest. R. S. chap. 100, § 7; 4 Chand. 155; 16 Wis. 181; 3 Hill, 361; 1 id. 111.

*Thorp & Frisby,* for respondent, argued, that the land having been sold for the payment of the debts of the deceased, the surplus money in the administrator's hands stood in place of the land in respect to *Ewing's* right (R. S. chap. 94, § 57; 17 Abb. 256; 2 Paige, 68; 2 Hilliard on Mort. 198, 199); and that Anna Towle's deed to *Ewing* conveyed the fee. 2 Johns. 391; 10 id. 18; 16 id. 537; 21 Pick. 412; 1 id. 317; 22 Wend. 136; 4 Mass. 208.

PAINE, J. It is evident from the provisions of the will of Clarke J. Towle, that his mother, Anna Towle, took only a life estate in the land devised, with a power to sell the entire interest. Her interest is expressly limited to her own life, and the remainder, in case the land was not sold, or any residue of the proceeds of a sale, that might remain at his mother's death, was devised to his brother.

It appears that this brother died before the mother, and that the father, who is the appellant, was the sole heir at law of this brother, and of Clarke J. Towle. It also appears that, before her decease, the mother sold the land by a quitclaim deed to the respondent, for the consideration, as expressed in the deed, of one thousand dollars. The land was afterward sold by the appellant as administrator, under a license, and the present controversy is between the appellant, claiming the

surplus proceeds of the sale after the payment of the debts, as heir at law of Clarke J. Towle or of Jackson Towle, and the respondent, claiming them by virtue of the conveyance from Anna Towle in her life-time.

The rights of the parties depend, therefore, entirely on the effect of that conveyance. If it can be construed as an exercise of the power of sale given by the will, then it con veyed the entire estate to the respondent, subject only to its being taken by proper proceedings to pay the debts of the testator. And if so taken, the respondent would be entitled to any surplus that might remain. But if that deed is to be regarded, not as an exercise of the power of sale conferred by the will, but only as a conveyance of whatever interest Anna Towle had in the land in her own right, then it merely operates to convey to the respondent her life estate, and on her death, the estate would have vested in the appellant, as heir at law of Clarke J. Towle or of Jackson Towle.

The form of the deed does not appear in the case, any further than by the statement that it was a quit-claim deed; and by that, I understand a quit-claim deed in the ordinary and usual form. Such a deed contains no apt words indicating an intent to sell under the power. On the contrary, its language naturally and properly relates only to the interest which the grantor owned in the land. And where such is the case, the party making the conveyance actually owning an interest upon which it can take effect, it is held to be only a conveyance of that interest, and not an execution of the power.

In Sugden on Powers, chap. 6, § 8, the question, — "What amounts to the execution of a power, where the donee has an interest in the estate," is considered. It is there said: "First, it is well settled that where a man has both a power and an interest, and does an act generally as owner of the land, without reference to his power, the land shall pass by virtue of his ownership. He has an estate grantable in him, and also a

power to limit a use; and when he grants the land himself, without any reference to his authority, it implies an intent to grant an estate as owner of the land, and not to limit a use in pursuance of his power."

Some exceptions are afterwards stated, where, when the conveyance could not have the effect clearly intended by the parties except by supposing it to have been executed under the power, it would be so held, although the power was not expressly referred to. But this case cannot fall within these exceptions, for the reason that an ordinary quit-claim deed evinces no intention to pass any thing more than the grantor's interest, and it has full effect for that purpose.

The following cases also sustain the conclusion that the quit-claim deed of Anna Towle would pass only her own interest, and would not be held as an execution of the power; *Griswold v. Bigelow*, 6 Conn. 258; *Lockwood v. Sturdevant*, id. 385–7; *Johnson v. Stanton*, 30 id. 297; *Mory v. Michael*, 18 Md. 227.

The appellant, as heir at law of either Clarke J. or Jackson Towle, was entitled to the surplus, and the order assigning it to *Ewing* must be reversed, and the cause remanded for further proceedings.

*By the Court.* — Ordered accordingly.