AUER, Respondent, vs. BROWN, Appellant.

*February 29—March 22, 1904.*

*Powers: Life estate, when changed to fee: Execution of power: Statute construed.*

A testator devised land to his wife for her life and gave her also an absolute power of disposition thereof, unaccompanied by any trust. Any part thereof which might remain at her death he gave to his children. The widow sold a portion of the land and gave a warranty deed thereof, which was intended by her to convey the fee, but which made no specific reference to the will or the power of sale therein contained. *Held*, that the grantee was a purchaser within the meaning of sec. 2108, Stats. 1898; that in respect to his rights the estate of the widow was a fee by virtue of that section; and that the sale and conveyance by her was such an execution of the power as that section contemplates.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

One Samuel Brown, dying in 1874, devised all his property to his wife, Clarissa,

"for her life, without impeachment for waste, and without being in any way liable to account to any person or per-

sons for said property or its use or the proceeds thereof. And I do also devise and give to my said wife full power and authority to grant, bargain, sell, transfer, exchange, barter, mortgage or convey any or all of the said estate in fee simple and absolutely if she shall desire or choose so to do; also to convert any of said real estate into personal property, or any of said personal property into real estate, and so long as she lives she shall have and I do hereby give to her the full power and right to use all or any of said estate as she may desire even if in so doing she shall use and exhaust the whole. She may not only use the same as she may need, but she may during her life and subject only to her own discretion (in which I have all confidence), donate the same or its proceeds, or any part or portion thereof, to any person, persons or objects of her choice exactly the same as if and to the same extent as if she was the absolute owner in fee or absolutely."

He disposed of any property that might remain at his wife's death, first, by a money legacy, and then all the residue in equal shares to his children, naming them, and their heirs, and to the issue of any child who should not survive him the share of the parents of such heir. He then added:

"*Fifth.* It is the true intent and meaning of the devise and bequest herein to my wife to give to her not only a technical life estate in said property, but also the right to exhaust the whole thereof if she choose so to do, trusting to her discretion, and to that end I do herein authorize and empower her to sell and convey absolutely in fee simple any or all of said property which I may die seized or possessed of and to mortgage, transfer, or exchange the same as hereinbefore specified in subdivision two of this will, she being responsible to no one for any action she may take in the premises."

In 1884 said Clarissa sold certain specified real estate to the plaintiff jointly with one Miller and one Holtz, and delivered to them a warranty deed purporting and warranting conveyance to be in fee simple, the price paid, $18,350, being a reasonable and fair price for the fee of the premises; such deed, however, making no specific reference to the will of

Samuel Brown nor to the power of sale therein contained. The interests of Miller and Holtz were subsequently conveyed to the plaintiff, who sold parts of it, but retained that described in the complaint. The court finds that said deed was intended by Clarissa Brown to convey the fee of the premises described therein.

Clarissa Brown died in 1887, and the appellant, *Clara M. Brown,* who is a granddaughter of Samuel Brown, made claim to a proportionate undivided share in this land. This action was brought, first, to reform the deed from Clarissa Brown to the plaintiff and his associates; and, second, to quiet his title thereto as against the adverse claim of the defendant. The court refused the prayer for reformation of the deed on the ground of the ten years' statute of limitations, which was pleaded, but rendered judgment quieting plaintiff's title and barring the defendant; also dismissing a counterclaim in ejectment interposed by the defendant. From such judgment she appeals.

*Howard Van Wyck,* attorney, and *Charles Quarles,* of counsel, for the appellant.

For the respondent there was a brief by *Ryan, Ogden & Bottum,* and oral argument by *L. M. Ogden.*

DODGE, J. The court below, as appears from an opinion filed, rested its decision in favor of plaintiff's title in fee upon sec. 2108, Stats. 1898:

"When an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or for years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power should not be executed or the lands should not be sold for the satisfaction of the debts."

That the power of disposition conferred upon Clarissa Brown was an absolute one cannot be doubted under the

definition of that term in sec. 2112, Stats. 1898, as one "by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit." Nor can it be doubted that it is unaccompanied by any trust. Language can hardly be conceived stronger or clearer than that contained in the will to make plain the intent that the power conferred should be unhampered and unaffected in its execution by interest in favor of any person other than its donee. Sec. 2107, Stats. 1898. Also clearly the donee of that power is the owner of a particular estate for life, by all rules of construction and of the common law, since there is a limitation over of a remainder. 4 Kent, Comm. 535. Further, the plaintiff is unquestionably a purchaser, within the meaning of the statute. The extrinsic evidence, if admissible, and in any event the warranty deed itself, declaring a conveyance in fee, establish that the parties thereto intended a sale and purchase of the land itself, and not of any mere limited interest therein. Hence obviously the trial court was correct in holding that the situation fell squarely within the calls of this statute.

Sec. 2108 is therefore presented for construction. The respondent claims, and the court below held, that in respect to his rights Clarissa Brown held a fee in that land, according to the express declaration of the affirmative portion of the section. On the other hand, appellant contends that, even as against purchasers, the remainder is preserved by the last two lines of the section, unless the power be technically executed by a conveyance making express reference thereto or otherwise satisfying general rules of law. As to the necessity of such reference in order to constitute a conveyance, obviously intended to be in fee, a full execution of the power, we shall not deem necessary to express an opinion, though it has been the subject of much discussion in the books. Sugden, Powers, ch. 6, sec. 8; *Bradish v. Gibbs,* 3 Johns. Ch. 523, 551; *White v. Hicks,* 33 N. Y. 383; *Mut.*

*L. Ins. Co. v. Shipman,* 119 N. Y. 324, 24 N. E. 177; *Owen v. Ellis,* 64 Mo. 77; *Blagge v. Miles,* 1 Story, 426, Fed. Cas. No. 1,479; *Warner v. Connecticut M. L. Ins. Co.* 109 U. S. 357, 3 Sup. Ct. 221; *Lee v. Simpson,* 134 U. S. 572, 590, 10 Sup. Ct. 631; *Towle v. Ewing,* 23 Wis. 336; *Lardner v. Williams,* 98 Wis. 514, 74 N. W. 346. Confining ourselves, then, to the construction of sec. 2108, that section was adopted in Wisconsin as an integral part of the comprehensive scheme for a legislative regulation of powers enacted in New York in 1829, and borrowed by us in 1849. Ch. 58, R. S. 1849. The builders of that scheme reported to the legislature in their notes in the following words:

"It is an affront to common sense to say that a man has no property in that which he may sell when he chooses and dispose of the proceeds at his pleasure. We apprehend the legislature will have no difficulty in declaring that, so far as creditors and purchasers are concerned, the power of disposition shall be deemed equivalent to the actual ownership."

With that report they recommended, and the legislature enacted, the section above quoted, with two succeeding sections covering other aspects of absolute power of disposal of property. Secs. 2109, 2110, Stats. 1898. In deference to such history, the court of appeals of New York, per FOLGER, J., said:

"By sections 81, 82, 83, 84, 85, 86 [1 R. S. of N. Y. 1829, pp. 732, 733, pt. 2, ch. 1, tit. 2], an absolute power of disposition, unaccompanied by a trust, given to the owner of a particular estate for life or years, or to one to whom no particular estate is limited, or where no remainder is limited on the estate of the grantee of the power, or where there is a general and beneficial power to a tenant for life or for years, to devise the inheritance, by which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit, is construed to change that power into a fee, absolute in respect to the rights of creditors and purchasers, with reservatory provisions as to future estates limited thereon." *Cutting v. Cutting,* 86 N. Y. 522, 536.

This general view is supported in New York by *Crooke v. Kings Co.* 97 N. Y. 422; *Hume v. Randall,* 141 N. Y. 499, 36 N. E. 402; *Deegan v. Wade,* 144 N. Y. 573, 39 N. E. 692; and *In re Moehring,* 154 N. Y. 423, 48 N. E. 818. Most of these cases are assailed as being sustainable without going so far as the court did in the several opinions, but *Deegan v. Wade* is on all fours with the present case. There was an absolute beneficial power to devise by will vested in life tenant, but it was held a grantee by warranty deed took the fee by virtue of the statute, same as our sec. 2108, and that remaindermen had no rights, although there was no technical execution of the power, for the reason that the donee of the power had a fee by force of the statute, so far as rights of a purchaser were involved, and his deed conveyed it. The same view has apparently been taken by the supreme court of Alabama, where also the New York statute was adopted. *Alford's Adm'r v. Alford's Adm'r,* 56 Ala. 350. The only case in Wisconsin expressly referring to this statute is *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615. There realty was left to widow for life, with power to dispose if necessary for her support, remainder over. She sold by warranty deed. Her grantee's title was sustained against remaindermen, apparently on two grounds: First, that the warranty deed must be deemed an execution of the power, on authority of *Bishop v. Remple,* 11 Ohio St. 277; but also apparently because she had a fee upon the happening of the contingency of necessity for support, both on general legal principles and by virtue of sec. 2108. We cannot but view this case as sustaining the construction of statute declared in *Deegan v. Wade, supra.* It perhaps goes further in some of its suggestions, though not in the case actually decided, for the rights sustained were only those of a purchaser, and not those of the original devisee in absence of a sale. In that case, too, there was exactly the same, and no more, direct execution of the power as in the one now before us, to wit,

a mere warranty deed with no reference to the power.   Appellant has been able to cite, as in conflict with this construction. of the statute, only *Mut. L. Ins. Co. v. Shipman,* 119 N. Y. 324, 24 N. E. 177; *Towle v. Ewing,* 23 Wis. 336; and *Lardner v. Williams,* 98 Wis. 514, 74 N. W. 346.   Their utmost significance is that in them the remainders were held. not cut off by the conveyances involved—mortgages in two of the cases and a quitclaim deed in the other.   The statute was in no wise considered in any of them.   The first and last have no application whatever, if for no other reason because the powers considered were in trust and not absolute.   In *Towle v. Ewing* a mere quitclaim deed was made by a life tenant having power of disposal.   It was held to have no effect except upon the life estate, because the intent of the parties inferable from the instrument was to buy and sell nothing else; such inference from a mere quitclaim deed in distinction from one on its face purporting to convey a fee being justified by authorities there cited and others.   *Griswold v. Bigelow,* 6 Conn. 258; *Yates v. Clark,* 56 Miss. 212; *Baird v. Boucher,* 60 Miss. 326; *Bishop v. Remple,* 11 Ohio St. 277; *Owen v. Ellis,* 64 Mo. 77.   The conclusion reached eliminated the case from the statute, for the grantee was thereby not a "purchaser" of the land itself or of that over which the power existed, in the sense of the statute.   He had purchased merely the life estate therein.

In the light of the decisions above referred to, we cannot avoid the conviction that the construction of sec. 2108 adopted by the trial court is sustained by authority both in New York and Wisconsin.   Were the question *res integra,* however, we do not see how we could disagree with the result.   We must assume that the statute was enacted for some purpose.   If, as appellant contends, there must be a technical execution of the trust, such as would be effective without the statute, then it is of no force, for certainly in the event of such execution the deed would convey a fee without aid from

any statute, and as to the grantee the conjoint life estate and power in his grantor would be in all practical aspects the equivalent of a fee. The difficulty urged by appellant is that the statute makes the *execution of the power* a condition upon which only, but for creditors, can the remainders be cut off. That expression must, however, be read in connection with the whole context of the section. When so read, it seems to be but another mode of expressing the same conception of a situation which is expressed by the word "purchaser" earlier in the section. In other words, whenever there is a purchaser there is an execution of the power, and either phrase adequately expresses the same idea. Further difficulty is suggested in giving to the words, "shall be changed into a fee," in sec. 2108, the same meaning as would be applicable to the words, "shall take a fee," in sec. 2109, declaring the interest of the donee of a power to whom no special estate is limited. It does not seem to us serious. Sec. 2108 was framed to include the situation of the donation of a power to one who already held an estate for life or years, who therefore could not be said to "take" a fee by the mere donation of the power. The phrasing was well adapted to express the declaration that upon such donation he should have a fee, so far as rights of creditors or purchasers might be involved. We conclude that the respondent is a purchaser within the terminology of sec. 2108, and that as to his rights the estate of Clarissa Brown was a fee by virtue of that section, so that her deed conveyed a fee to him, also that no rights remain in the appellant by virtue of that statute, because the sale and conveyance by Clarissa was such an execution of the power as sec. 2108 contemplates.

*By the Court.*—Judgment affirmed.