NEFF, Appellant, vs. BARBER, Special Administrator, and others, Respondents, and another, Appellant.

*April 24—May 15, 1917.*

*Conspiracy to wreck corporation: Evidence: Sufficiency: Right to jury trial in equitable action: Costs: Discretion: Printing supplemental case on appeal.*

1. In an action by a stockholder and creditor of a gas company in behalf of the company to recover damages on the ground that certain named defendants, as officers of the company, having fraudulently conspired to wreck the company, so mismanaged it that it went into the hands of a receiver and was sold to said defendants at foreclosure sale at much less than its real value, findings of the trial court to the effect that there was no conspiracy and no mismanagement and that the property was sold at its fair value at the foreclosure sale, are *held* to have sufficient support in the evidence.
2. Although the issue as to a conspiracy was one at law, plaintiff was not entitled to a jury trial thereof as a matter of right, the action being an equitable one.
3. The right to trial by jury does not extend to equitable actions; and all issues therein, whether legal or equitable, are triable by the court.
4. Allowance by the trial court of full costs to the defendants in this case was not an abuse of discretion.
5. Upon affirmance of a judgment no costs are allowed to respondents for the printing of a supplemental case consisting almost entirely of exhibits properly referred to in appellants' case.

APPEAL from a judgment of the circuit court for Langlade county: A. H. REID, Judge. *Affirmed.*

Action in equity brought by plaintiff as a stockholder and creditor of the defendant the *Antigo Gas Company,* in its be-

half.    The complaint charges in substance that certain named defendants as officers of the *Antigo Gas Company* fraudulently conspired to wreck the company in order that they might acquire the franchise and property thereof at a price much less than its real value; that in pursuance of such conspiracy they so mismanaged the company that it was compelled to borrow large sums of money; that they blocked an advantageous sale of the plant to another company; that it defaulted in the payment of interest on its bonds; that upon a foreclosure of the trust deed securing the bonds it went into the hands of a receiver, who was one of the defendants charged with the conspiracy, and that he mismanaged it while receiver, and that its property was sold to said named defendants at foreclosure sale at much less than its real value. Judgment in favor of the *Antigo Gas Company* for the benefit of its stockholders and creditors situated similarly to the plaintiff is demanded in the sum of $50,000.

The court, against plaintiff's objection, tried the case without a jury and found that there was no conspiracy and no mismanagement; that the *Antigo Gas Company* was never sufficiently financed; that it was compelled to carry on expensive litigation, owing partly to factional fights from within and partly to large damage suits brought against it by outsiders; that neither the company nor its stockholders or creditors ever sustained any loss on account of any wrongful acts on the part of the defendants charged with the conspiracy or mismanagement, or of any of them.    On the contrary, it found that said named defendants managed the company for its best interests; that at times some of them came to its aid with their own individual money; and that they paid the fair value of the company's property at the foreclosure sale.    From a judgment dismissing the complaint upon the merits, with costs, the plaintiff and the defendant *Antigo Gas Company* appealed.

For the appellants there was a brief by *Kittell & Burke* of

Green Bay and *McMahon & McMahon* of Milwaukee, attorneys, and *P. H. Martin* of Green Bay, of counsel, and oral argument by *Omar T. McMahon* and *Stephen J. McMahon.*

For the respondents *Barber,* as special administrator of the estate of R. H. Hackett, deceased, *Wallen, Richard Koebke,* and *Mary Koebke,* as administratrix of the estate of J. C. Spencer, deceased, there was a brief by *Goodrick & Goodrick* of Antigo, and oral argument by *A. B. Goodrick.*

For the respondents *Maxcy, Schriber,* and *City Gas Company* there was a brief by *Thompson, Thompson, Allen & Gruenewald* of Oshkosh, attorneys, and *Kreutzer, Bird, Okoneski & Puchner* of Wausau, of counsel, and oral argument by *J. C. Thompson* and *C. B. Bird.*

VINJE, J.   The most important questions arising upon the appeal in this case are questions of fact resolved by the trial court in favor of the respondents.   The evidence touching them is voluminous and the briefs of counsel as well as the oral arguments cover every phase of the transactions called in question.   We have carefully considered both the evidence and the arguments and conclude therefrom that the trial court correctly found the facts.   It seems to have been a case where a gas company, starting in a relatively small city, came to financial grief through lack of the required experience in the stockholders and managers of the corporation, through inadequate financial resources, through heavy damage cases brought against it, and above all through irreconcilable dissensions and lawsuits from within.   To set forth and discuss the transactions in question would require a score or more pages and would be of no service to the legal profession.   For this reason, only an outline of the nature of the action is contained in the statement of facts, and no amplifications thereof will be made in the opinion.

Turning to the legal questions we find but two that were argued.   It is claimed, first, that since the issue of a con-

spiracy is one at law plaintiff was entitled to a jury trial thereof as a matter of right, even if he was in a court of equity. He admits that the action was one in equity, but claims, nevertheless, the absolute right to a jury trial of the issue of law presented by the charge of conspiracy. That the right to a trial by jury does not extend to equitable actions is too well settled in our jurisprudence to be now successfully questioned. *Harrigan v. Gilchrist,* 121 Wis. 127, 281, 282, 99 N. W. 909. In an action in equity all the issues, whether legal or equitable, are triable by the court. In its discretion an advisory verdict upon any or all of the issues may be taken, but neither party is entitled thereto as a matter of right, much less to a verdict having the force of one in an action at law.

We perceive no abuse of discretion in the trial court allowing respondents full costs. Upon this appeal, however, no costs will be allowed them for printing the supplemental case. It consists almost entirely of exhibits properly referred to in appellants' case.

*By the Court.*—Judgment affirmed.

ROSENBERRY, J., took no part.