ROSS ET AL., TRUSTEES *v.* BERNHARD ET AL.

No. 42.   Argued November 10, 1969—Decided February 2, 1970

*William E. Haudek* argued the cause for petitioners. With him on the briefs were *Richard M. Meyer* and *Stanley M. Grossman.*

*Marvin Schwartz* argued the cause for respondents. With him on the brief were *Roger L. Waldman, William J. Manning,* and *E. Roger Frisch.*

MR. JUSTICE WHITE delivered the opinion of the Court.

The Seventh Amendment to the Constitution provides that in "[s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."   Whether the Amendment guarantees the right to a jury trial in stockholders' derivative actions is the issue now before us.

Petitioners brought this derivative suit in federal court against the directors of their closed-end investment company, the Lehman Corporation, and the corporation's brokers, Lehman Brothers.   They contended that Lehman Brothers controlled the corporation through an illegally large representation on the corporation's board of directors, in violation of the Investment Company Act of 1940, 54 Stat. 789, 15 U. S. C. § 80a–1 *et seq.,* and used this control to extract excessive brokerage fees from the corporation.   The directors of the corporation were accused of converting corporate assets and of "gross abuse

of trust, gross misconduct, willful misfeasance, bad faith, [and] gross negligence." Both the individual defendants and Lehman Brothers were accused of breaches of fiduciary duty. It was alleged that the payments to Lehman Brothers constituted waste and spoliation, and that the contract between the corporation and Lehman Brothers had been violated. Petitioners requested that the defendants "account for and pay to the Corporation for their profits and gains and its losses." Petitioners also demanded a jury trial on the corporation's claims.

On motion to strike petitioners' jury trial demand, the District Court held that a shareholder's right to a jury on his corporation's cause of action was to be judged as if the corporation were itself the plaintiff. Only the shareholder's initial claim to speak for the corporation had to be tried to the judge. 275 F. Supp. 569. Convinced that "there are substantial grounds for difference of opinion as to this question and . . . an immediate appeal would materially advance the ultimate termination of this litigation," the District Court permitted an interlocutory appeal. 28 U. S. C. § 1292 (b). The Court of Appeals reversed, holding that a derivative action was entirely equitable in nature, and no jury was available to try any part of it. 403 F. 2d 909. It specifically disagreed with *DePinto* v. *Provident Security Life Ins. Co.,* 323 F. 2d 826 (C. A. 9th Cir. 1963), cert. denied, 376 U. S. 950 (1964), on which the District Court had relied. Because of this conflict, we granted certiorari. 394 U. S. 917 (1969).

We reverse the holding of the Court of Appeals that in no event does the right to a jury trial preserved by the Seventh Amendment extend to derivative actions brought by the stockholders of a corporation. We hold that the right to jury trial attaches to those issues in derivative actions as to which the corporation, if it had

PRINCIPAL TRANSCONTINENTAL LINES PLUS
TERRITORIES TO BE MADE AVAILABLE TO
MILWAUKEE THROUGH OPENING OF 11 GATEWAYS

LIST OF 11 GATEWAYS

| | |
|---|---|
| 1 TACOMA | 7 GREAT FALLS |
| 2 SEATTLE | 8 JUDITH GAP |
| 3 SPOKANE | 9 MILES CITY |
| 4 MISSOULA | 10 LINTON |
| 5 BUTTE | 11 FARGO |
| 6 BOZEMAN | |

COLOR OF AREA INDICATES TERRITORY AVAILABLE
THROUGH EACH GATEWAY. SOME AREAS RELATED
TO PARTICULAR GATEWAYS OVERLAP, BUT
OVERLAPPING IS NOT SHOWN.

LEGEND

G. N. RY.
N. P. RY.
S. P. & S. SYSTEM
C. B. & Q. RR.
OTHER RR.
OTHER LINES
APPLICANT COMPANIES

0  25  50  75  100
SCALE IN MILES

S.P. to New Orleans via T. & N.O.

384-702 O - 70 (Face p. 530) No. 2

been suing in its own right, would have been entitled to a jury.

The Seventh Amendment preserves to litigants the right to jury trial in suits at common law—

> "not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered . . . . In a just sense, the amendment then may well be construed to embrace all suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights." *Parsons* v. *Bedford,* 3 Pet. 433, 447 (1830).

However difficult it may have been to define with precision the line between actions at law dealing with legal rights and suits in equity dealing with equitable matters, *Whitehead* v. *Shattuck*, 138 U. S. 146, 151 (1891), some proceedings were unmistakably actions at law triable to a jury. The Seventh Amendment, for example, entitled the parties to a jury trial in actions for damages to a person or property, for libel and slander, for recovery of land, and for conversion of personal property.[1] Just as clearly, a corporation, although an artificial being, was commonly entitled to sue and be sued in the usual forms of action, at least in its own State. See *Paul* v. *Virginia*, 8 Wall. 168 (1869). Whether the corporation was viewed as an entity separate from its stockholders or as a device permitting its stockholders to carry on their business and to sue and be sued, a corporation's suit to enforce a legal right was an action

---

[1] See, *e. g., Curriden* v. *Middleton,* 232 U. S. 633 (1914); *Whitehead* v. *Shattuck,* 138 U. S. 146 (1891); 5 J. Moore, Federal Practice ¶ 38.11 [5] (2d ed. 1969).

at common law carrying the right to jury trial at the time the Seventh Amendment was adopted.[2]

The common law refused, however, to permit stockholders to call corporate managers to account in actions at law. The possibilities for abuse, thus presented, were not ignored by corporate officers and directors. Early in the 19th century, equity provided relief both in this country and in England. Without detailing these developments,[3] it suffices to say that the remedy in this country, first dealt with by this Court in *Dodge* v. *Woolsey,* 18 How. 331 (1856), provided redress not only against faithless officers and directors but also against third parties who had damaged or threatened the corporate properties and whom the corporation through its managers refused to pursue. The remedy made available in equity was the derivative suit, viewed in this country as a suit to enforce a *corporate* cause of action against officers, directors, and third parties. As elaborated in the cases, one precondition for the suit was a valid claim on which the corporation could have sued; another was that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions.[4] Thus the dual nature of the stockholder's action: first,

---

[2] 1 W. Blackstone, Commentaries *475; cf. *Bank of Columbia* v. *Patterson's Adm'r,* 7 Cranch 299 (1813); *Bank of Kentucky* v. *Wister,* 2 Pet. 318 (1829).

[3] Prunty, The Shareholders' Derivative Suit: Notes on Its Derivation, 32 N. Y. U. L. Rev. 980 (1957), treats the development of the equitable remedy.

[4] *Delaware & Hudson Co.* v. *Albany & S. R. Co.,* 213 U. S. 435 (1909); *Doctor* v. *Harrington,* 196 U. S. 579 (1905); *Quincy* v. *Steel,* 120 U. S. 241 (1887); *Hawes* v. *Oakland,* 104 U. S. 450 (1882). Soon after *Hawes* v. *Oakland, supra,* the preconditions to a shareholder's suit were promulgated as Equity Rule 94, 104 U. S. ix, which became Equity Rule 27, 226 U. S. 656 (1912), then Fed. Rule Civ. Proc. 23 (b), 308 U. S. 690 (1938), and is now Fed. Rule Civ. Proc. 23.1, 383 U. S. 1050 (1966).

the plaintiff's right to sue on behalf of the corporation and, second, the merits of the corporation's claim itself.[5]

Derivative suits posed no Seventh Amendment problems where the action against the directors and third parties would have been by a bill in equity had the corporation brought the suit. Our concern is with cases based upon a legal claim of the corporation against directors or third parties. Does the trial of such claims at the suit of a stockholder and without a jury violate the Seventh Amendment?

The question arose in this Court in the context of a derivative suit for treble damages under the antitrust laws. *Fleitmann* v. *Welsbach Street Lighting Co.*, 240 U. S. 27 (1916). Noting that the bill in equity set up a claim of the corporation alone, Mr. Justice Holmes observed that if the corporation were the plaintiff, "no one can doubt that its only remedy would be at law," and inquired "why the defendants' right to a jury trial should be taken away because the present plaintiff cannot persuade the only party having a cause of action to sue—how the liability which is the principal matter can be converted into an incident of the plaintiff's domestic difficulties with the company that has been wronged"? *Id.*, at 28. His answer was that the bill did not state a good cause of action in equity. Agreeing that there were "cases in which the nature of the right asserted for the company, or the failure of the defendants concerned to insist upon their rights, or a different state system, has

---

[5] See *Koster* v. *Lumbermens Mut. Cas. Co.*, 330 U. S. 518, 522–523 (1947); *Ashwander* v. *TVA*, 297 U. S. 288 (1936). See also 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5941.1 (1961 ed.); 2 G. Hornstein, Corporation Law and Practice § 716 (1959); 4 J. Pomeroy, Equity Jurisprudence § 1095, p. 278 (5th ed. 1941). Insofar as the stockholders may have been asserting their own direct interest, they closely resemble other class action plaintiffs who could proceed, before merger, only in equity.

led to the whole matter being disposed of in equity," he concluded that when the penalty of triple damages is sought, the antitrust statute plainly anticipated a jury trial and should not be read as "attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law." *Id.*, at 28–29. Although the decision had obvious Seventh Amendment overtones, its ultimate rationale was grounded in the antitrust laws.[6]

Where penal damages were not involved, however, there was no authoritative parallel to *Fleitmann* in the federal system squarely passing on the applicability of the Seventh Amendment to the trial of a legal claim presented in a pre-merger derivative suit. What can be gleaned from this Court's opinions [7] is not inconsistent

---

[6] The dilemma of the stockholder seeking treble damages for the corporation became real and complete in *United Copper Co.* v. *Amalgamated Copper Co.*, 244 U. S. 261 (1917), where the stockholder-plaintiff sought treble damages in an action at law. The Court rejected the claim by reiterating the traditional view that a shareholder was without standing to sue at law on a corporate cause. The treble-damage action was a legal proceeding and only the corporation could bring it. The Court of Appeals for the Second Circuit has held that the federal rules have resolved the dilemma and that derivative actions for treble damages under the antitrust laws are now proper. *Fanchon & Marco, Inc.* v. *Paramount Pictures, Inc.*, 202 F. 2d 731 (C. A. 2d Cir. 1953). Cf. *Ramsburg* v. *American Inv. Co. of Ill.*, 231 F. 2d 333 (C. A. 7th Cir. 1956). See generally Comment, Federal Antitrust Law—Stockholders' Remedies For Corporate Injury Resulting From Antitrust Violations: Derivative Antitrust Suit and Fiduciary Duty Action, 59 Mich. L. Rev. 904 (1961).

[7] For example, in *Amalgamated Copper* the Court noted that in *Quincy* v. *Steel*, 120 U. S. 241 (1887), a shareholder's bill in equity that sought to enforce "a purely legal claim of the corporation—damages for breach of contract" was dismissed, "not because the suit should have been at law, but because the bill failed to show that complainant had made sufficient effort to induce the directors

with the general understanding, reflected by the state court decisions and secondary sources, that equity could properly resolve corporate claims of any kind without a jury when properly pleaded in derivative suits complying with the equity rules.[8]

Such was the prevailing opinion when the Federal Rules of Civil Procedure were adopted in 1938. It continued until 1963 when the Court of Appeals for the Ninth Circuit, relying on the Federal Rules as construed and applied in *Beacon Theatres, Inc.* v. *Westover,* 359 U. S. 500 (1959), and *Dairy Queen, Inc.* v. *Wood,* 369 U. S. 469 (1962), required the legal issues in a derivative suit to be tried to a jury.[9] *DePinto* v. *Provident Security Life Ins. Co.,* 323 F. 2d 826. It was this decision that the District Court followed in the case before us and that the Court of Appeals rejected.

*Beacon* and *Dairy Queen* presaged *DePinto.* Under those cases, where equitable and legal claims are joined

---

to enter suit." 244 U. S., at 264–265, n. 2. *Delaware & Hudson Co.* v. *Albany & S. R. Co., supra,* n. 4, involved a derivative suit for money damages due under a lease. The stockholders' right to sue was sustained; no jury trial issue appears to have been raised.

[8] See, *e. g., Goetz* v. *Manufacturers' & Traders' Trust Co.,* 154 Misc. 733, 277 N. Y. S. 802 (Sup. Ct. 1935); *Isaac* v. *Marcus,* 258 N. Y. 257, 179 N. E. 487 (1932); *Morton* v. *Morton Realty Co.,* 41 Idaho 729, 241 P. 1014 (1925); *Neff* v. *Barber,* 165 Wis. 503, 162 N. W. 667 (1917); *Robinson* v. *Smith,* 3 Paige Ch. 222, 231, 233 (N. Y. 1832); 4 W. Cook, Corporations § 734 (8th ed. 1923); S. Thompson & J. Thompson, Law of Corporations § 4661 (Supp. 1931); 6 *id.,* § 4653 (3d ed. 1927).

[9] The possibility that the merged federal practice altered the procedures in derivative suits was early recognized, *Fanchon & Marco, Inc.* v. *Paramount Pictures, Inc., supra,* n. 6, but until the action of the District Court below *DePinto* was alone in holding that a right to a jury trial existed in derivative actions. Cf. *Richland* v. *Crandall,* 259 F. Supp. 274 (D. C. S. D. N. Y. 1966). See also *Metcalf* v. *Shamel,* 166 Cal. App. 2d 789, 333 P. 2d 857 (1959); *Steinway* v. *Griffith Consol. Theatres,* 273 P. 2d 872 (Okla. 1954).

in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims. The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.[10] See *Simler* v. *Conner*, 372 U. S. 221 (1963). The principle of these cases bears heavily on derivative actions.

We have noted that the derivative suit has dual aspects: first, the stockholder's right to sue on behalf of the corporation, historically an equitable matter; second, the claim of the corporation against directors or third parties on which, if the corporation had sued and the claim presented legal issues, the company could demand a jury trial. As implied by Mr. Justice Holmes in *Fleitmann*, legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit. The claim pressed by the stockholder against directors or third parties "is not his own but the corporation's." *Koster* v. *Lumbermens Mut. Cas. Co.*, 330 U. S. 518, 522 (1947). The corporation is a necessary party to the action; without it the case cannot proceed. Although named a defendant, it is the real party in interest, the stockholder being at best the nominal plaintiff. The proceeds of the action belong to the corporation and it is bound by the result of the suit.[11]

---

[10] As our cases indicate, the "legal" nature of an issue is determined by considering, first, the pre-merger custom with reference to such questions; second, the remedy sought; and, third, the practical abilities and limitations of juries. Of these factors, the first, requiring extensive and possibly abstruse historical inquiry, is obviously the most difficult to apply. See James, Right to a Jury Trial in Civil Actions, 72 Yale L. J. 655 (1963).

[11] See *Koster* v. *Lumbermens Mut. Cas. Co.*, 330 U. S. 518 (1947); *Meyer* v. *Fleming*, 327 U. S. 161, 167 (1946); *Davenport* v. *Dows*, 18 Wall. 626 (1874).

The heart of the action is the corporate claim. If it presents a legal issue, one entitling the corporation to a jury trial under the Seventh Amendment, the right to a jury is not forfeited merely because the stockholder's right to sue must first be adjudicated as an equitable issue triable to the court. *Beacon* and *Dairy Queen* require no less.

If under older procedures, now discarded, a court of equity could properly try the legal claims of the corporation presented in a derivative suit, it was because irreparable injury was threatened and no remedy at law existed as long as the stockholder was without standing to sue and the corporation itself refused to pursue its own remedies. Indeed, from 1789 until 1938, the judicial code expressly forbade courts of equity from entertaining any suit for which there was an adequate remedy at law.[12] This provision served "to guard the right of trial by jury preserved by the Seventh Amendment and to that end it should be liberally construed." *Schoenthal* v. *Irving Trust Co.*, 287 U. S. 92, 94 (1932). If, before 1938, the law had borrowed from equity, as it borrowed other things, the idea that stockholders could litigate for their recalcitrant corporation, the corporate claim, if legal, would undoubtedly have been tried to a jury.

Of course, this did not occur, but the Federal Rules had a similar impact. Actions are no longer brought as actions at law or suits in equity. Under the Rules there is only one action—a "civil action"—in which all claims may be joined and all remedies are available. Purely procedural impediments to the presentation of any issue by any party, based on the difference between law and

---

[12] The Judicial Code of 1911, § 267, 36 Stat. 1163, re-enacting the Act of Sept. 24, 1789, § 16, 1 Stat. 82, provided: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

equity, were destroyed. In a civil action presenting a stockholder's derivative claim, the court after passing upon the plaintiff's right to sue on behalf of the corporation is now able to try the corporate claim for damages with the aid of a jury.[13] Separable claims may be tried separately, Fed. Rule Civ. Proc. 42 (b), or legal and equitable issues may be handled in the same trial. *Fanchon & Marco, Inc.* v. *Paramount Pictures, Inc.*, 202 F. 2d 731 (C. A. 2d Cir. 1953). The historical rule preventing a court of law from entertaining a shareholder's suit on behalf of the corporation is obsolete; it is no longer tenable for a district court, administering both law and equity in the same action, to deny legal remedies to a corporation, merely because the corporation's spokesmen are its shareholders rather than its directors. Under the rules, law and equity are procedurally combined; nothing turns now upon the form of the action or the procedural devices by which the parties happen to come before the court. The "expansion of adequate legal remedies provided by . . . the Federal Rules necessarily affects the scope of equity." *Beacon Theatres, Inc.* v. *Westover,* 359 U. S., at 509.

Thus, for example, before-merger class actions were largely a device of equity, and there was no right to a jury even on issues that might, under other circumstances, have been tried to a jury. 5 J. Moore, Federal

---

[13] It would appear that the same conclusions could have been reached under Equity Rule 23 and the Law and Equity Act of 1915, Act of March 3, 1915, 38 Stat. 956. See *Southern R. Co.* v. *City of Greenwood,* 40 F. 2d 679 (D. C. W. D. S. C. 1928); 2 J. Moore, Federal Practice ¶ 2.05 (2d ed. 1967). Rule 23 provided:

"If in a suit in equity a matter ordinarily determinable at law arises, such matter shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court."

Practice ¶ 38.38 [2] (2d ed. 1969); 3B *id.,* ¶ 23.02 [1]. Although at least one post-merger court held that the device was not available to try legal issues,[14] it now seems settled in the lower federal courts that class action plaintiffs may obtain a jury trial on any legal issues they present. *Montgomery Ward & Co.* v. *Langer,* 168 F. 2d 182 (C. A. 8th Cir. 1948); see *Oskoian* v. *Canuel,* 269 F. 2d 311 (C. A. 1st Cir. 1959), aff'g 23 F. R. D. 307; *Syres* v. *Oil Workers Int'l Union, Local 23,* 257 F. 2d 479 (C. A. 5th Cir. 1958), cert. denied, 358 U. S. 929 (1959). 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 571 (Wright ed. 1961).

Derivative suits have been described as one kind of "true" class action. *Id.,* § 562.1. We are inclined to agree with the description, at least to the extent it recognizes that the derivative suit and the class action were both ways of allowing parties to be heard in equity who could not speak at law.[15] 3B J. Moore, Federal Practice

---

[14] *Farmers Co-operative Oil Co.* v. *Socony-Vacuum Oil Co.,* 43 F. Supp. 735 (D. C. N. D. Iowa 1942).

[15] Other equitable devices are used under the rules without depriving the parties employing them of the right to a jury trial on legal issues. For example, although the right to intervene may in some cases be limited, *United States for the Use and Benefit of Browne & Bryan Lumber Co.* v. *Massachusetts Bonding & Ins. Co.,* 303 F. 2d 823 (C. A. 2d Cir. 1962); *Dickinson* v. *Burnham,* 197 F. 2d 973 (C. A. 2d Cir.), cert. denied, 344 U. S. 875 (1952), when intervention is permitted generally, the intervenor has a right to a jury trial on any legal issues he presents. See 3B J. Moore, Federal Practice ¶ 24.16 [7] (2d ed. 1969); 5 *id.,* ¶ 38.38 [3]. A similar development seems to be taking place in the lower courts in interpleader actions. Before merger interpleader actions lay only in equity, and there was no right to a jury even on issues that might, under other circumstances, have been tried to a jury. *Liberty Oil Co.* v. *Condon Nat. Bank,* 260 U. S. 235 (1922). This view continued for some time after merger, see *Bynum*

¶¶ 23.02 [1], 23.1.16 [1] (2d ed. 1969). After adoption of the rules there is no longer any procedural obstacle to the assertion of legal rights before juries, however the party may have acquired standing to assert those rights. Given the availability in a derivative action of both legal and equitable remedies, we think the Seventh Amendment preserves to the parties in a stockholder's suit the same right to a jury trial that historically belonged to the corporation and to those against whom the corporation pressed its legal claims.

In the instant case we have no doubt that the corporation's claim is, at least in part, a legal one. The relief sought is money damages. There are allegations in the complaint of a breach of fiduciary duty, but there are also allegations of ordinary breach of contract and gross negligence. The corporation, had it sued on its own behalf, would have been entitled to a jury's determination, at a minimum, of its damages against its broker under the brokerage contract and of its rights against its own directors because of their negligence. Under these circumstances it is unnecessary to decide

---

v. *Prudential Life Ins. Co.*, 7 F. R. D. 585 (D. C. E. D. S. C. 1947), but numerous courts and commentators have now come to the conclusion that the right to a jury should not turn on how the parties happen to be brought into court. See *Pan American Fire & Cas. Co.* v. *Revere*, 188 F. Supp. 474 (D. C. E. D. La. 1960); *Savannah Bank & Trust Co.* v. *Block*, 175 F. Supp. 798 (D. C. S. D. Ga. 1959); *Westinghouse Elec. Corp.* v. *United Elec. Radio & Mach. Workers of America*, 99 F. Supp. 597 (D. C. W. D. Pa. 1951); *John Hancock Mut. Life Ins. Co.* v. *Yarrow*, 95 F. Supp. 185 (D. C. E. D. Pa. 1951); 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 556 (Wright ed. 1961); 3A J. Moore, Federal Practice ¶ 22.14 [4] (2d ed. 1969). But see *Pennsylvania Fire Ins. Co.* v. *American Airlines, Inc.*, 180 F. Supp. 239 (D. C. E. D. N. Y. 1960); *Liberty Nat. Life Ins. Co.* v. *Brown*, 119 F. Supp. 920 (D. C. M. D. Ala. 1954).

whether the corporation's other claims are also properly triable to a jury. *Dairy Queen, Inc.* v. *Wood,* 369 U. S. 469 (1962). The decision of the Court of Appeals is reversed.

*It is so ordered.*

MR. JUSTICE STEWART, with whom THE CHIEF JUSTICE and MR. JUSTICE HARLAN join, dissenting.

In holding as it does that the plaintiff in a shareholder's derivative suit is constitutionally entitled to a jury trial, the Court today seems to rely upon some sort of ill-defined combination of the Seventh Amendment and the Federal Rules of Civil Procedure. Somehow the Amendment and the Rules magically interact to do what each separately was expressly intended not to do, namely, to enlarge the right to a jury trial in civil actions brought in the courts of the United States.

The Seventh Amendment, by its terms, does not extend, but merely *preserves* the right to a jury trial "[i]n Suits at common law." All agree that this means the reach of the Amendment is limited to those actions that were tried to the jury in 1791 when the Amendment was adopted.[1] Suits in equity, which were historically tried to the court, were therefore unaffected by it. Similarly, Rule 38 of the Federal Rules has no bearing on the right to a jury trial in suits in equity, for it simply preserves inviolate "[t]he right of trial by jury as declared by the Seventh Amendment." Thus this Rule, like the Amendment itself, neither restricts nor enlarges the right to jury

---

[1] Where a new cause of action is created by Congress, and nothing is said about how it is to be tried, the jury trial issue is determined by fitting the cause into its nearest historical analogy. *Luria* v. *United States,* 231 U. S. 9; see James, Right to a Jury Trial in Civil Actions, 72 Yale L. J. 655.

trial.[2]   Indeed nothing in the Federal Rules can rightly be construed to enlarge the right of jury trial, for in the legislation authorizing the Rules, Congress expressly provided that they "shall neither abridge, enlarge, nor modify the substantive rights of any litigant."   48 Stat. 1064. See 28 U. S. C. § 2072.   I take this plain, simple, and straightforward language to mean that after the promulgation of the Federal Rules, as before, the constitutional right to a jury trial attaches only to suits at common law.   So, apparently, has every federal court that has discussed the issue.[3]   Since, as the Court concedes, a shareholder's derivative suit could be brought only in equity, it would seem to me to follow by the most elementary logic that in such suits there is no constitutional right to a trial by jury.[4]   Today the Court tosses aside history, logic, and over 100 years of firm precedent to hold that the plaintiff in a shareholder's derivative

---

[2] See, *e. g.*, *Ettelson* v. *Metropolitan Life Ins. Co.*, 137 F. 2d 62, 65; 5 J. Moore, Federal Practice ¶ 38.07 [1] and cases cited therein.

[3] The principle that the Rules effected no enlargement or restriction of the right of jury trial has "received complete judicial approbation."   5 J. Moore, Federal Practice ¶ 38.07 [1] and cases cited therein.

[4] Virtually every state and federal court that has faced this issue has similarly reasoned to the same conclusion. See, *e. g.*, *Goetz* v. *Manufacturers' & Traders' Trust Co.*, 154 Misc. 733, 277 N. Y. S. 802 (Sup. Ct.); *Metcalf* v. *Shamel*, 166 Cal. App. 2d 789, 333 P. 2d 857; *Liken* v. *Shaffer*, 64 F. Supp. 432; *Miller* v. *Weiant*, 42 F. Supp. 760.   The equitable nature of the derivative suit has been recognized in several decisions of this Court. See, *e. g.*, *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 547–548.   It was also reflected in the adoption of Equity Rule 94 in 1882, and Rule 27 of the Equity Rules of 1912 which established the preconditions to bringing shareholders' derivative suits in the federal courts.   These rules are the forerunners of Rule 23 (b) of Fed. Rule Civ. Proc. of 1938, and of Fed. Rule Civ. Proc. 23.1 (1966), which now controls the initiation of such suits. See 3B J. Moore, Federal Practice ¶ 23.1.15 [1].

suit does indeed have a constitutional right to a trial by jury. This holding has a questionable basis in policy [5] and no basis whatever in the Constitution.

The Court begins by assuming the "dual nature" of the shareholder's action. While the plaintiff's right to get into court at all is conceded to be equitable, once he is there the Court says his claim is to be viewed as though it were the claim of the corporation itself. If the corporation would have been entitled to a jury trial on such a claim, then, it is said, so would the shareholder. This conceptualization is without any historical basis. For the fact is that a shareholder's suit was not originally viewed in this country, or in England, as a suit to enforce a *corporate* cause of action. Rather, the shareholder's suit was initially permitted only against the managers of the corporation—not third parties—and it was conceived of as an equitable action to enforce the right of a beneficiary against his trustee.[6] The shareholder was not, therefore, in court to enforce indirectly the corporate right of action, but to enforce directly his own equitable right of action against an unfaithful fiduciary. Later the rights of the shareholder were enlarged to encompass suits against third parties harming the corporation, but "the postulated 'corporate cause of action' has never been thought to describe an actual historical class of suit which

[5] See, *e. g.,* J. Frank, Courts on Trial 110–111 (1949). Certainly there is no consensus among commentators on the desirability of jury trials in civil actions generally. Particularly where the issues in the case are complex—as they are likely to be in a derivative suit—much can be said for allowing the court discretion to try the case itself. See discussion in 5 J. Moore, Federal Practice ¶ 38.02 [1].

[6] *Robinson* v. *Smith,* 3 Paige Ch. 222 (N. Y.); *Attorney General* v. *Utica Ins. Co.,* 2 Johns. Ch. 371 (N.Y.), discussed in Prunty, The Shareholders' Derivative Suit: Notes on its Derivation, 32 N. Y. U. L. Rev. 980.

was recognized by courts of law." [7]   Indeed the commentators, including those cited by the Court as postulating the analytic duality of the shareholder's derivative suit, recognize that historically the suit has in practice always been treated as a single cause tried exclusively in equity. They agree that there is therefore no constitutional right to a jury trial even where there might have been one had the corporation itself brought the suit.[8]

This has been not simply the "general" or "prevailing" view in the federal courts as the Court says, but the unanimous view with the single exception of the Ninth Circuit's 1963 decision in *DePinto* v. *Provident Security Life Ins. Co.*, 323 F. 2d 826, a decision that has since been followed by no court until the present case.

The Court would have us discount all those decisions rendered before 1938, when the Federal Rules of Civil Procedure were adopted, because it says that before the promulgation of the Rules, "[p]urely procedural impediments" somehow blocked the exercise of a constitutional right.   In itself this would seem a rather shaky premise upon which to build an argument.   But the Court's position is still further weakened by the fact that any "[p]urely procedural impediments" to a jury trial in a derivative suit were eliminated, not in 1938, but at least as early as 1912.   For Rule 23 of the Equity Rules of that year provided that if a "matter ordinarily determinable at law" arose in an equity suit it should "be determined in that suit according to the principles applicable, without sending the case or question to the

---

[7] Note, The Right to a Jury Trial in a Stockholder's Derivative Action, 74 Yale L. J. 725, 730.

[8] See, *e. g.*, N. Lattin, The Law of Corporations, c. 8, § 3; 2 G. Hornstein, Corporation Law and Practice § 730; 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5931 (1961 ed.); 5 J. Moore, Federal Practice ¶ 38.38 [4].

law side of the court." 226 U. S. 654. These applicable principles included the right of jury trial.[9] Consequently, when the Court said in *United Copper Co.* v. *Amalgamated Copper Co.*, 244 U. S. 261, 264, that "it is clear" that the remedy of a stockholder seeking to enforce the rights of a corporation—whatever their nature—is not in law but in equity, it was not because there were "procedural impediments" to a jury trial on any "legal issues." Rather, it was because the suit itself was conceived of as a wholly equitable cause of action.

This was also true in *Fleitmann* v. *Welsbach Street Lighting Co.*, 240 U. S. 27, on which the Court so heavily relies even though it was a pre-Federal-Rules case. In *Fleitmann* the plaintiff sued derivatively to enforce a corporate right of action for treble damages under the antitrust laws. Treble damages were considered punitive, and the statute was read to imply a right in the defendant to a jury trial. In his opinion for the Court, Mr. Justice Holmes recognized the potential for abuse: derivative rather than corporate actions could be brought in order to deprive the defendant of his right to a jury trial. The Court's solution was to dismiss the bill because the antitrust statute "should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law." *Id.*, at 29. I do not see how the Court today can draw sustenance from this decision. Rather, the *Fleitmann* case seems to me to stand for a proposition diametrically opposed to that which the Court seeks to establish, namely, the proposition that because a derivative action is wholly equitable, there is no right to a jury trial. The Court in *Fleitmann* simply held that since there was a statutory right to a jury in all actions for treble damages under the antitrust laws, a derivative

---

[9] See *Southern R. Co.* v. *City of Greenwood*, 40 F. 2d 679.

suit seeking such damages could not be maintained. Thus the bill had to be dismissed.[10]

These pre-1938 cases, then, firmly establish the unitary, equitable basis of shareholders' derivative suits and in no way support the Court's holding here. But, the Court says, whatever the situation may have been before 1938, the Federal Rules of Civil Procedure of that year, at least as construed in our decisions more than 20 years later in *Beacon Theatres, Inc.* v. *Westover,* 359 U. S. 500, and *Dairy Queen, Inc.* v. *Wood,* 369 U. S. 469, in any event require the conclusion reached today. I can find nothing in either of these cases that leads to that conclusion.

In *Beacon Theatres* the plaintiff sought both an injunction preventing the defendant from instituting an antitrust action and a declaratory judgment that certain moving picture distribution contracts did not violate the antitrust laws. The defendant answered and counterclaimed for treble damages under the antitrust laws. He demanded a jury trial on the factual issues relating to his counterclaim. The district court held that even though there were factual issues common to both the complaint and the counterclaim, it would first hear the plaintiff's suit for equitable relief before submitting the counterclaim to a jury. The Court of Appeals affirmed, and this Court reversed, upon the ground that if the equitable claim were tried first, there might be an estoppel which would defeat the defendant's right to a full jury trial on all the factual issues raised in his counterclaim. Similarly in *Dairy Queen* the Court simply held

---

[10] Moreover, since the suit was brought *after* the promulgation of Equity Rule 23 it seems evident that here, too, it was not merely "procedural impediments" that prevented the antitrust claim from being tried to a jury, but presumably the fact that no matter arising in a derivative suit—whatever its "inherent nature"—was considered to be one "ordinarily determinable at law."

that a plaintiff could not avoid a jury trial by joining legal and equitable causes of action in one complaint.

It is true that in *Beacon Theatres* it was stated that the 1938 Rules did diminish the scope of federal equity jurisdiction in certain particulars. But the Court's effort to force the facts of this case into the mold of *Beacon Theatres* and *Dairy Queen* simply does not succeed. Those cases involved a combination of historically separable suits, one in law and one in equity. Their facts fit the pattern of cases where, before the Rules, the equity court would have disposed of the equitable claim and would then have either retained jurisdiction over the suit, despite the availability of adequate legal remedies, or enjoined a subsequent legal action between the same parties involving the same controversy.[11]

But the present case is not one involving traditionally equitable claims by one party, and traditionally legal claims by the other. Nor is it a suit in which the plaintiff is asserting a combination of legal and equitable claims. For, as we have seen, a derivative suit has always been conceived of as a single, unitary, equitable cause of action. It is for this reason, and not because of "procedural impediments," that the courts of equity did not transfer derivative suits to the law side. In short, the cause of action is wholly a creature of equity. And whatever else can be said of *Beacon Theatres* and *Dairy Queen*, they did not cast aside altogether the historic division between equity and law.

If history is to be so cavalierly dismissed, the derivative suit can, of course, be artificially broken down into separable elements. But so then can any traditionally equitable cause of action, and the logic of the Court's position would lead to the virtual elimination of all equity jurisdiction. An equitable suit for an injunction, for

---

[11] See discussion in 74 Yale L. J., at 736–737.

instance, often involves issues of fact which, if damages had been sought, would have been triable to a jury. Does this mean that in a suit asking only for injunctive relief these factual issues *must* be tried to the jury, with the judge left to decide only whether, given the jury's findings, an injunction is the appropriate remedy? Certainly the Federal Rules make it *possible* to try a suit for an injunction in that way, but even more certainly they were not intended to have any such effect. Yet the Court's approach, it seems, would require that if any "legal issue" procedurally *could* be tried to a jury, it constitutionally *must* be tried to a jury.

The fact is, of course, that there are, for the most part, no such things as inherently "legal issues" or inherently "equitable issues." There are only factual issues, and, "like chameleons [they] take their color from surrounding circumstances." [12] Thus the Court's "nature of the issue" approach is hardly meaningful.

As a final ground for its conclusion, the Court points to a supposed analogy to suits involving class actions. It says that before the Federal Rules such suits were considered equitable and not triable to a jury, but that since promulgation of the Rules the federal courts have found that "plaintiffs may obtain a jury trial on any legal issues they present." Of course the plaintiff *may* obtain such a trial even in a derivative suit. Nothing in the Constitution or the Rules precludes the judge from granting a jury trial as a matter of discretion.

---

[12] James, *supra*, n. 1, at 692. As Professor Moore has put it, "Whether issues are legal or equitable may, of course, depend upon the manner in which they are presented . . . ." 5 J. Moore, Federal Practice ¶ 38.04 [1], n. 40. And he, along with virtually every other commentator, concludes that if the issues are presented in a shareholder's derivative suit they are equitable and the plaintiff has no constitutional right to have them tried by a jury. 5 J. Moore, Federal Practice ¶ 38.38 [4].

But even if the Court means that some federal courts have ruled that the class action plaintiff in some situations has a constitutional right to a jury trial, the analogy to derivative suits is wholly unpersuasive. For it is clear that the draftsmen of the Federal Rules intended that Rule 23 as it pertained to class actions should be applicable, like other rules governing joinder of claims and parties, "to all actions, whether formerly denominated legal or equitable." [13] This does not mean that a formerly equitable action is triable to a jury simply *because* it is brought on behalf of a class, but only that a historically legal cause of action can be tried to a jury *even if* it is brought as a class action. Since a derivative suit is historically wholly a creation of equity, the class action "analogy" is in truth no analogy at all.

The Court's decision today can perhaps be explained as a reflection of an unarticulated but apparently overpowering bias in favor of jury trials in civil actions. It certainly cannot be explained in terms of either the Federal Rules or the Constitution.

---

[13] Original Committee Note of 1937 to Rule 23. Moreover, as Professor Moore points out, certain class actions could be maintained at law in the federal courts even before the Federal Rules. 5 J. Moore, Federal Practice ¶ 38.38 [2].