Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

KRETEN CHAR–BROIL, INC. et al., Defendants.

No. CV 80–1231.

United States District Court, E. D. New York.

Dec. 31, 1980.

U. S. Department of Labor, Diane Sherman, New York City, for plaintiff.

Rosenberg, Rosenberg & Ehrlich, Garden City, N. Y., for defendants.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Proceeding under § 17 of the Fair Labor Standards Act of 1938, 29 U.S.C. § 217, the Secretary of Labor brings this action to enjoin defendants (1) from violating in the future the provisions of the Act, 29 U.S.C. §§ 201 *et seq.*, and (2) "from withholding payment of minimum wages and overtime compensation as found by the court to be due employees under the act." Plaintiff's complaint. Defendants' answer contains a demand for a jury trial of this action, and the Secretary now moves to strike defendants' demand.

Defendants contend that an action brought to enjoin them from withholding money found to be due to their employees is essentially an action at law for money damages regardless of whether the complaint purports to seek injunctive relief. They argue that the secretary cannot subvert their seventh amendment right to jury trial by careful pleading when the substance of the relief sought is legal in nature.

The secretary cites substantial authority to the effect that no right to jury trial exists when the secretary proceeds under § 17 of the Act, 29 U.S.C. § 217. *E. g., Paradise Valley Investigation and Patrol Services, Inc. v. United States District Court,* 521 F.2d 1342 (CA9 1975); *Sullivan v. Wirtz,* 359 F.2d 426 (CA5), *cert. denied,* 385 U.S. 852, 87 S.Ct. 94, 17 L.Ed.2d 80 (1966); *Wirtz v. Jones,* 340 F.2d 901 (CA5 1965). All courts faced with the issue have concluded that

the purpose of the injunction to restrain the withholding of wages due is not to

collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest. *Wirtz v. Jones*, 340 F.2d at 904.

Although cases brought under § 17 may necessarily involve the determination of monies due for failure to comply with the Act's provisions, the purpose is not simply to compensate an injured plaintiff for an infringing defendant's action; instead the goal of protecting the public interest in fair wages is seen as paramount. Defendants do not cite any cases holding to the contrary, but argue that *Ross v. Bernard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), compels the conclusion that defendants are entitled to jury trial because an action under § 17 of the act, 29 U.S.C. § 217, involves a determination of legal rights and seeks to have defendants pay money damages. This argument ignores the secretary's contention that § 17 is only the means that Congress has provided for correcting abuses against the public interest.

The court, therefore, does not agree that the Supreme Court's decision in *Ross*, which extended the right to jury trial to certain issues in a stockholder's derivative suit, should be read as extending the right to jury trial to defendants here. There is simply no support in *Ross* or subsequent cases for according the right to jury trial in this context. In fact, the opposite conclusion is suggested, if not compelled, by a recent case, *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), where the Supreme Court explicitly noted that

> no right to jury trial [is] recognized in actions brought by the Secretary of Labor enjoining violations of the FLSA and compelling employers to pay unlawfully withheld minimum wages or overtime compensation pursuant to 29 USC § 217. *Id.* at 581 n.7, 98 S.Ct. at 870 n.7.

This court, therefore, sees no reason to depart from the established caselaw both before and after *Ross*, all holding that the proceedings brought by the secretary under § 17 are essentially equitable in nature.

The secretary's motion to strike defendants' demand for trial by jury is granted.

The case is transferred to the court's non-jury calendar for the June, 1981 term.

SO ORDERED.