Nazario GUERRERO, Juanita Guerrero, Johnny Guerrero and Guadalupe Guerrero, Ines Rivera, Santiago, Flores, Francisco Salazar, Domingo Salinas, Richardo Hinojosa and Jorge Lopez Garza, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Ramiro GARZA, Jr., Zulema Garza, Audaz Garza, F. Ray Marshall, in his official capacity as Secretary of the United States Department of Labor, Xavier Vela, in his official capacity as Administrator of the Wage and Hour Division of the United States Department of Labor, Donald H. Haack, in his official capacity as Assistant Regional Administrator, Region V, Employment Standards Administration, United States Department of Labor, their employees, agents, successors, and assigns, and all those acting in concert or cooperation with them or at their discretion or under their control, Defendants.

No. 75–C–399.

United States District Court,
W. D. Wisconsin.

Dec. 11, 1978.

John F. Ebbot, Migrant Legal Action Program, Inc., Washington, D. C., for plaintiffs.

Lee R. Atterbury, Callahan & Arnold, Columbus, Wis., for Garza defendants.

Paul E. Myerson, U. S. Dept. of Labor, Washington, D. C., for federal defendants.

OPINION AND ORDER

JAMES E. DOYLE, District Judge.

By the tests of *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), if plaintiffs were seeking actual damages from the Garza defendants, it seems clear that a jury trial would be guaranteed by the Seventh Amendment, as the Honorable Barbara B. Crabb decided in this case in her memorandum entered December 6, 1978. But at a pretrial conference before the district judge on December 8, 1978, plaintiffs explicitly disclaimed actual damages and specified that what they seek is "$500 for each violation," as that language appears in the following language from 7 U.S.C. § 2050a(b): "[The court] may award damages up to and including an amount equal to the amount of actual damages, or $500 for each violation, or other equitable relief."

*Curtis v. Loether, supra,* was decided by the United States Court of Appeals for the Seventh Circuit under the name *Rogers v. Loether,* 7 Cir., 467 F.2d 1110 (1972). In its decision, later affirmed by the Supreme Court, the Court of Appeals examined in detail *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), concluding that three criteria were enunciated in *Ross* in determining whether the nature of an issue is "legal" for the purpose of the Seventh Amendment: (1) history; (2) remedy sought; and (3) the practical abilities and limitations of juries. These tests enunciated in *Ross* appear to have survived *Curtis v. Loether.*

In the present case, applying test (3), a jury would possess the practical ability to

decide whether one or more violations of the Farm Labor Contractor Registration Act (FLCRA) has been violated and that $500 is to be awarded for each violation.

Applying test (1), it is rather unclear whether there is a good analogy to any common law right which could be vindicated by an action at law triable to a jury. However, in *Curtis v. Loether*, the Court was emphatic that the Seventh Amendment is applicable to many causes of action based on statutes, "if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." 415 U.S., at 193–194, 94 S.Ct. at 1008. The FLCRA does create legal rights and remedies, enforceable in an action for actual damages in ordinary courts of law.

But in the application of tests (1) and (2) to the present case, the critical point is that these plaintiffs are not seeking the actual damages which FLCRA authorizes them to seek. Rather, they seek "$500 for each violation."

I appreciate plaintiffs' contention that "$500 for each violation" represents "liquidated damages," and that it has been so described in judicial opinions under FLCRA (not involving the question of right to a jury trial). But I believe "$500 for each violation" is neither actual damages (the distinction is explicit in the language of § 2050a(b)) nor "liquidated damages," in the historical meaning of the latter term. Thus, it is not important to decision here on the right to jury that the cause of action is a cause of action recently created by a statute, but rather it is important that the particular remedy sought by these plaintiffs is a form of remedy created solely by the statute for which there is no common law analogue.

If this case is tried to a judge, the judge will not be determining what sum of money will fairly compensate the plaintiffs for the injury they have suffered, if any, nor what sum of money is appropriately to be awarded for punitive purposes. Thus, the judge will not be performing functions which have historically been thought to lie within the functions of juries. Rather the judge

will be determining simply whether one or more violations have occurred. If so, the remedy of "$500 for each violation" will follow automatically. See *Cayman Music, Ltd., et al. v. Reichenberger*, 403 F.Supp. 794 (1975).

Plaintiffs' motion that the trial to commence December 18, 1978, be tried to a jury is denied.