In re Stephanie Ann HEATER and Michael Heater, Debtors.

Stephanie Ann Heater and Michael Heater, Plaintiffs,

v.

Household Realty Corporation, Defendant.

Bankruptcy No. 00–23079–BM. Adversary No. 00–2426–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 2, 2001.

David A. Colecchia, Greensburg, PA, for plaintiffs.

Donna M. Donaher, Pittsburgh, PA, for defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors Stephanie Ann and Michael Heater have demanded a jury trial with respect to each count of the complaint they have brought in the above adversary action against defendant Household Realty Corporation ("HRC").

HRC opposes the demand and insists that debtors are not entitled to a jury trial as to any of the counts of the complaint.

We conclude, for reasons set forth below, that debtors are not entitled to a jury trial with respect to any of the claims they have asserted in the complaint in the above adversary action and therefore will deny their demand for a jury trial.

### —FACTS—

The material facts of this case are relatively simple and straightforward.

Debtors filed a "bare-bones" voluntary chapter 7 petition on April 24, 2000. A chapter 7 trustee was appointed shortly thereafter.

The bankruptcy schedules list Household Finance Corporation and its "subsidiaries" as having two mortgage liens against their personal residence in the respective amounts of $29,174.14 and $10,289.79.[1] Neither of the claims is identified on the schedules as disputed.

1. HFIC apparently is such a subsidiary of Household Finance Corporation and holds the mortgage liens in question.

On May 8, 2000, after debtors had completed all of the required schedules and statements, the clerk of this court notified all creditors listed on the mailing matrix, including Household Finance Corporation and its subsidiaries, of the § 341 meeting of creditors and of the bar date for objecting to discharge and to the dischargeability of certain debts. It also instructed creditors not to file a proof of claim "unless you receive a notice to do so".

After concluding the § 341 meeting of creditors, the chapter 7 trustee reported on June 16, 2000, that debtors' bankruptcy was a no-asset case.

Debtors commenced the above adversary action against HRC on August 11, 2000. The complaint consists of five counts. Counts I, II, and III of the complaint seek monetary damages as well as rescission of the loans agreements underlying the two mortgages, satisfaction of the mortgages, and an injunction prohibiting HRC from bringing any foreclosure proceedings. Counts IV and V seek monetary damages only. In the complaint debtors demanded a jury trial as to each and every count set forth therein.

HRC denies that debtors are entitled to a jury trial as to any of the claims asserted in the complaint. If debtors are entitled to a jury trial, however, HRC agrees that it should take place in this court.

A hearing on debtor's jury trial demand and the opposition of HRC thereto was held on January 10, 2001.

### —DISCUSSION—

Debtors concede that some of the relief they seek in this case is equitable while some is legal in nature. While acknowledging that they are not entitled to a jury trial as to the former, debtors assert that they nonetheless are entitled to a jury trial as to the latter. As support for their position, debtors cite to *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

While agreeing that a jury trial, if appropriate, may be conducted in this court, HRC denies that debtors are entitled to a jury trial at all. According to HRC, debtors waived their right to a jury trial by seeking to rescind the loan agreement underlying the mortgages in favor of HRC.

We agree with HRC that debtors are not entitled to a jury trial of any of the claims they have asserted, but not for the reason given by HRC. Circumstances that are specific to this case deprive debtors of the right to a trial by jury on claims that otherwise appear to be legal, as opposed to equitable, in nature.

The Seventh Amendment to the United States Constitution preserves the right to a jury trial in all suits at common in which the amount in controversy exceeds twenty dollars. The phrase "suits at common law" refers to cases where legal rights are involved. One has no constitutional right to trial by jury of an equitable claim. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989).

The Seventh Amendment not only "preserves" the right to a jury trial as it existed under the common law in English courts in 1791, it also applies to claims brought to enforce statutory rights that are analogous to common-law causes of action that were decided at that time by English law courts. *Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974).

We must apply a three-step analysis when considering whether, within the context of a bankruptcy case, one is entitled to a jury trial.

First we must compare the action in question to actions brought in the courts of

England prior to the merger of law and equity. Then we must consider the requested remedy and determine whether it is legal or equitable in nature. The second of these steps is more important than the first. *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. at 2790.

If these two factors on balance indicate that one is entitled to a jury trial, we then must determine whether Congress may, and in fact has assigned resolution of such a claim to a non-Article III tribunal that determine the facts without using a jury. *Id.* Congress permissibly may, for instance, assign a dispute involving a "public right", where wholly private rights are not involved, to a tribunal that does not utilize a jury. *Id.*, 492 U.S. at 51, 109 S.Ct. at 2795. A right that initially appears to be private may qualify under the rubric "public right" if it is closely integrated into a public regulatory scheme assigned to an administrative agency. *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 593–94, 105 S.Ct. 3325, 3339–40, 87 L.Ed.2d 409 (1985).

Debtors and HRC are in agreement that the relief sought in the first three counts of the complaint is in part legal in that monetary damages are sought and in part equitable in that, among other things, rescission of the loan agreements underlying the debts owed to HRC is sought. The relief sought in the fourth and fifth counts, they agree, is entirely legal in that debtors seek only monetary damages. *Dairy Queen*, 369 U.S. at 476, 82 S.Ct. at 898.

Joinder of equitable with legal claims in the first three counts of the complaint, debtors maintain, does not deprive them of their right to a jury trial of the legal claims. *Curtis*, 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11. The trial court may not decide the legal claims on its own simply because the legal claims are "incidental" to the equitable claims or common issues underlie both kinds of claims. *Dairy Queen*, 369 U.S. at 473, 82 S.Ct. at 897; also *Ross v. Bernhard*, 396 U.S. 531, 537–38, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970).

Debtors' argument lacks merit. *Dairy Queen* is not dispositive in this instance. The present case is distinguishable in that it was brought within the context of an underlying bankruptcy case. Neither *Dairy Queen* nor *Ross* involved a bankruptcy. As we shall see, this distinction produces a different outcome in this case.

█ A party to an adversary action may not be entitled to a jury trial even though the claim asserted is legal, whether entirely or in part, and that party has demanded a jury trial. Entitlement to a jury trial on such grounds is not the end of the matter.

For instance, a creditor who files a proof of claim against the bankruptcy estate "triggers the process of 'allowance and disallowance of claims', thereby subjecting himself to the bankruptcy court's equitable power". *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990). Should that creditor thereafter become a defendant in a preference action in which they normally would have a right to a jury trial, that action becomes part of the claims allowance process and is triable only in equity. The creditor's claim and the ensuing preference action "become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction". *Id.*

If, by contrast, the creditor against whom the preference action is brought has not filed a proof of claim, the preference action amounts only to a legal action to recover a monetary transfer. The creditor retains the right to a jury trial under such circumstances. *Id.*

█ The present case differs from these scenarios in various respects. In particular,

the demand for a jury trial was made, not by a creditor/defendant, but by a debtor/plaintiff. Moreover, the creditor/defendant has not filed a proof of claim in the underlying bankruptcy case.

We are not aware of any reported decision that is directly "on point" with the present case with respect to the above particulars. There are, however, reported decisions in which the debtor's right to a jury trial arose where the creditor had filed a proof of claim. While they are not on point, we believe these cases nonetheless are illuminating.

In *In re Hallahan*, 936 F.2d 1496 (7th Cir.1991), a creditor who had filed a proof of claim objected to the discharge of the debt underlying its claim. The debtor was not entitled to a jury trial on the objection, the Seventh Circuit concluded, because he had voluntarily submitted himself to the bankruptcy court. *Id.*, 936 F.2d at 1505. If a creditor loses the right to a jury trial by filing a proof of claim, the court reasoned, a debtor "cannot be endowed with any stronger right". *Id.* In so concluding, the Seventh Circuit went beyond *Granfinanciera*, which shied away from applying the doctrine of waiver to creditors who had filed a proof of claim, and concluded that the waiver doctrine applied "more appropriately" to voluntary debtors. *Id.*, 936 F.2d at 1503.

In *In re Jensen*, 946 F.2d 369 (5th Cir. 1991), debtor brought suit against nondebtor third parties for breach of fiduciary duty, fraud, tortious interference with prospective contract and existing and prospective business relations, and civil conspiracy. The Fifth Circuit rejected the waiver doctrine relied upon in *In re Hallahan* and concluded that debtor had retained the right to a jury trial. Debtors' claims, the court held, neither arose as part of the claims-allowance process nor were integral to the re-structuring of debtor-creditor re-

lations; they instead were brought for the purpose of merely augmenting the bankruptcy estate. *Id.*, 946 F.2d at 374. Its decision was based on the principle that the filing of a proof of claim denies debtor and creditor alike of any right to a jury trial they otherwise may have. *Id.*

In *Germain v. Connecticut National Bank*, 988 F.2d 1323 (2d Cir.1993), the trustee in bankruptcy brought suit for tortious interference with debtor's post-petition business relations against a creditor who had filed a proof of claim in connection with a pre-petition debt. The Second Circuit concluded that the trustee's cause of action constituted a legal claim and gave rise to a right to a jury trial. *Id.*, 988 F.2d at 1328–29. Even though the creditor against whom the lawsuit was brought had filed a proof of claim, the lawsuit was aimed at enhancing the bankruptcy estate. It did not implicate the rights of any other creditors and had "nothing to do with the essence of the bankruptcy regulatory scheme of allowing or reordering claims". *Id.*, 988 F.2d at 1131. A jury trial would not diminish the power of the bankruptcy court to readjust the debtor-creditor relationship or to reorder creditors' claims. *Id.*, 988 F.2d at 1132.

In *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242 (3d Cir.), *cert. denied*, 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994), debtors in bankruptcy objected to a fee petition submitted to the court by their bankruptcy counsel. They also brought a lawsuit against counsel for legal malpractice. The Third Circuit refused to adopt the waiver theory articulated in *In re Hallahan* because it "raises as may questions as it answers". *Id.*, 22 F.3d at 1251. It also did not adopt the holding of *In re Jensen* that any dispute between a debtor and a creditor who has filed a proof of claim is equitable in nature. *Id.*, 22 F.3d at 1252. The Third Circuit looked

**150**

instead to the extent of the relationship between the legal malpractice suit and debtor's objection to counsel's administrative claim for attorney's fees. *Id.* It found that there was a "close connection" between the lawsuit and debtor's objection to the proof of claim and concluded that the lawsuit was "part of the allowance and disallowance of claims". *Id.*

The circumstances surrounding the present case lead us to conclude that there is a "close connection" between debtors' lawsuit against HRC and its scheduled claim. When seen for what it really is, debtors' lawsuit is integrally related to the bankruptcy process in general and to the claims-allowance process in particular. At the very least, debtors seek to re-adjust the debtor-creditor relationship they have with HRC. As a result, debtors are not entitled to a jury trial even though their claims, when viewed in isolation from the bankruptcy case, are at least partially legal in nature.

By bringing this adversary action, debtors seek to render the claims of HRC a nullity by requesting, in addition to monetary damages, rescission of the loan agreements with HRC, satisfaction of the mortgages debtors granted HRC, and an injunction against any steps by HRC to foreclose on the mortgages. Were debtors to prevail on their claims, the claims of HRC would vanish along with the liens its possesses.

We believe it is not significant that HRC did not file a proof of claim here. It had no reason when debtors filed their voluntary chapter 7 petition to suspect that debtors would in effect would circuitously challenge its supposedly undisputed claims and accompanying liens. Moreover, HRC was directed by the clerk of this court not to file a proof of claim unless and until told to do so. It would, in our estimation, elevate form over substance to conclude

under such circumstances that debtors' right to a jury trial remains inviolate because HRC did not file a proof of claim in their bankruptcy case.

An appropriate order denying debtors' demand for a jury trial shall issue.

### *ORDER OF COURT*

**AND NOW**, this **2nd** day of **February**, 2001, in light of the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that debtors Stephanie Ann and Michael Heater are **NOT ENTITLED TO A JURY TRIAL** in the above-captioned adversary action. Debtors' demand for a jury trial is **DENIED.** It is **SO ORDERED.**