In re GULF COAST LIFT TRUCK COMPANY, INC., Debtor.

Gulf Coast Lift Truck Company d/b/a/ Toyota Lift of Tampa Bay, Plaintiff,

v.

Toyota Material Handling U.S.A., Inc. and Florida Lift Systems, Inc., Defendants.

Bankruptcy No. 9:03–BK–25228–ALP. Adversary No. 04–523.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 4, 2004.

Buddy D. Ford, Tampa, FL, for Debtor.

T. Patrick Tinker, Office of the U.S. Trustee, Tampa, FL, for trustee.

Michael K. Green, Tampa, FL, for Plaintiff.

## ORDER ON MOTION FOR REMAND AND/OR ABSTAIN

(Doc. No. 9)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter before this Court in this Chapter 11 case filed by Gulf Coast Lift Truck Company, Inc. (Debtor) comes in an odd posture. This is so because ordinarily it is a debtor who insists on litigating in this Court and a third party non-debtor will usually vigorously object to litigating in the Bankruptcy Court. In the present instance, the Motion for Remand and/or Abstain (Doc. No. 9) is filed by the Debtor. The Motion is directed to a civil suit filed by the Debtor post-petition against Toyota Material Handing USA Inc. (Toyota) and Florida Lift Systems, Inc. (Florida Lift). The suit was filed in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on August 6, 2004.

In its complaint, the Debtor is seeking in excess of $4 million in damages for Toyota's alleged wrongful and unlawful breaches of its agreements with the Debtor; Toyota's breach of expressed contractual obligations for Toyota to act in good faith; Toyota's failure to act reasonably to approve a sale to a third party purchaser; and Toyota's wrongful denial of proper credit status to the Debtor, all of which entitles the Debtor to money damages. The Debtor further contends in its complaint that Toyota wrongfully attempted to terminate the Debtor's operations and that Toyota failed to pay various contractual payments due and owing to the Debtor.

In its Complaint the Debtor claims tortious interference against Florida Lift alleging that Florida Lift tortiously, intentionally and unjustifiably interfered with the Debtor's contractual and business relationship with Toyota. The Debtor further alleges that Florida Lift has tortiously, intentionally and unjustifiably interfered with the Debtor's business relationships with the specifically identifiable, established, and preexisting customers of the Debtor at a time when it had no right or privilege to do so, in a malicious effort to wrongfully appropriate the Debtor's business.

In due course, Toyota filed its answer. Although Florida Lift has yet to answer the complaint, it has filed a motion to dismiss the complaint in lieu of answering the same.

On September 3, 2004, Toyota filed with this Court a Notice of Removal (Doc. No. 1), thereby initiating the above-captioned adversary proceeding. Toyota has requested removal of the State Court Action to the Bankruptcy Court coupled with the following motions: (1) Motion to Strike the Jury Demand; (2) Motion to Consolidate the State Court Action with the Debtor's

Motion to Assume certain agreements with Toyota; and (3) Motion for Relief from Stay.

In support of its Motion for Remand and/or Abstain, the Debtor contends that this Court should not entertain this lawsuit based on considerations of judicial efficiency and comity. According to the Debtor, it has in excess of 180 witnesses; and that this case will take at least two to three weeks to try with a jury, which is logistically not possible to conduct in this Court. Furthermore, it is clear, so contends the Debtor, that all of these claims are based on pure state law, they are "non-core," albeit related to the Chapter 11 case, and for this reason its Motion should be granted. The Debtor further contends, that it is entitled to a trial by jury and although it does not dispute in principle that this Court is able to handle this lawsuit, urges that the State Court is more attuned and accustomed to try civil cases by jury; that the Debtor only seeks legal relief; and that the Debtor has an absolute right to a trial by jury. *See Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); and *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

In opposition to the Motion to Remand, Toyota contends that the controversy involved is a core proceeding, it was properly removed to this Court, and there is no legal or factual justification for this Court to not retain this matter. In addition, Toyota contends that it filed a Motion to Strike the Debtor's Right to Trial by Jury (Doc. No. 2), and, therefore, the matter could be tried before this Court without a jury, more expeditiously and less expensively than in the State Court. In support of its contention, Toyota cites numerous cases, which stand for the proposition that while it is a general proposition that there is a right to trial by jury, a debtor who seeks relief in the Bankruptcy Court waives a right to trial by jury.

For instance, Toyota cites to the case of *In re Charlotte Commercial Group*, 288 B.R. 715 (Bankr.N.C.2003). In *Charlotte*, the court held that a debtor by filing a voluntary Chapter 11 case voluntarily submits to the jurisdiction of the bankruptcy court and waives whatever right to a jury trial he otherwise had on the cause of action integrally related to the lender's proof of claim. In the case of *In re Heater*, 261 B.R. 145 (Bankr.W.D.Pa.2001), the bankruptcy court also held that on a debtor's demand for a jury trial, the proceeding was integrally related to the bankruptcy process in general and to the claims-allowance process in particular, and should be decided without a jury.

In the present instance, the suit filed by the Debtor has nothing to do with Toyota's proof of claim actually filed in the bankruptcy case. It is quite evident that Toyota's reliance on these cases is misplaced and is not applicable or controlling.

Even a cursory reading of the cases cited by Toyota, other than the case of *In re Vylene Enterprises Inc.*, 90 F.3d 1472 (9th Cir.1996), leaves no doubt that the dispute in those cases was integrally and directly related to the claims-allowance process. Therefore, the party who sought the trial by jury had no right to the same since the claim-allowance process is equitable by nature. In the *Vylene* case, which has a similar factual scenario as the present instance, the Court of Appeals held that the adversary proceeding was a core proceeding and reversed the District Court, which declined to adopt the Bankruptcy Court's proposed findings of fact and conclusions of law. The most that could be said for *Vylene, supra*, is that the holding of the Ninth Circuit, that when a

suit between a Debtor-restaurant franchisee and a franchisor was a "core" proceeding, the bankruptcy court had jurisdiction to enter a final judgment on the matters before it, subject only to appellate review by the federal district court; concluding that the franchise agreement clearly was property of the estate of the Debtor. The issue of a right to a jury trial was not involved at all.

Based on the foregoing, it is the contention that this Court should remand pursuant to 28 U.S.C. § 1452(b), or abstain pursuant to 28 U.S.C. § 1334(c), or 11 U.S.C. § 305(a)(1). This Court is satisfied that based on the facts in this case, it is appropriate to remand this removed civil action back to State Court. The reliance of the Debtor on 28 U.S.C. § 1334(c) and 11 U.S.C. § 305(a)(1) is misplaced. This is so because 28 U.S.C. § 1334(c) was designed to deal with civil proceedings in which a debtor is involved prior to the commencement of the bankruptcy case, unlike the civil action in this case, which was filed by the Debtor after the commencement of the case. And, 11 U.S.C. § 305(a)(1) is equally inapplicable because this Section provides for dismissal or suspension of and an entire bankruptcy case and of civil actions.

Be that as it may, based on the foregoing, this Court is satisfied that it is appropriate to grant the Motion and remand this civil proceeding to the State Court in the interest of judicial economy and expediency. In light of the fact that litigation in this Court would no doubt be protracted, even if it were tried, it would not be the end of the controversy because the losing party would have two opportunities to appeal, once to the District Court and then the Eleventh Circuit Court of Appeals, which based on past experience, would be quite an extensive appeal process for several years. On the other hand, in the State Court the losing party will have only one chance to appeal and it appears that the parties will be able to have a special trial setting with a Judge assigned to handle only protracted civil trials.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Remand and/or to Abstain (Doc. No. 9) be, and the same is herby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Clerk of the Court be, and the same is hereby, directed to transmit the pleadings filed in the above-captioned adversary proceeding to the Clerk of Court for the Thirteenth Judicial Circuit, State of Florida, in and for Hillsborough County.