**Richard MORALES, Plaintiff,**

v.

**MAPCO, INC. and Donald V. Ross, Defendants.**

**No. 74–C–271.**

United States District Court,
N. D. Oklahoma,
Civil Division.

Dec. 13, 1974.

David Lopez, New York City, for plaintiff.

Michael Schuman, New York City, Eugene G. Bell, Tulsa, Okl., for Mapco.

R. Thomas Seymour, Tulsa, Okl., for Ross.

## ORDER

DAUGHERTY, Chief Judge.

This action is brought by Plaintiff Richard Morales as a stockholder of Defendant Mapco, Inc. to recover profits allegedly made by Defendant Donald V. Ross from dealing in securities of Mapco while serving as an officer of Mapco. The action is brought under Section 16(b) of the 1934 Securities and Exchange Act. [15 U.S.C. § 78p(b)].

Defendant Ross has filed a Demand for Trial by Jury pursuant to Rule 38(b), Federal Rules of Civil Procedure. Plaintiff has filed a Motion to Strike Demand for Trial by Jury. This Demand and Motion are now under consideration by the Court. In support of said Motion, Plaintiff asserts that Section 16(b) provides that an action may be brought at law or in equity to recover the alleged "insider" profits involved herein and that he has elected to bring the action in equity. He relies upon the case of Arbetman v. Playford, 83 F. Supp. 335 (S.D.N.Y.1949) which held that if a Plaintiff who brings a Section 16(b) action elects to bring such action in equity, that a Defendant cannot thereafter choose to have the action tried by law. Defendant Ross has responded to said Motion asserting that he

is entitled to a trial by jury pursuant to the provisions of the Seventh Amendment to the United States Constitution. He urges that the Section 16(b) action involved herein is in the nature of a stockholder's derivative suit, and relies upon the case of Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) in which it was held that the right to jury trial attaches to those issues in derivative actions as to which the corporation, if it had been suing in its own right, would have been entitled to a jury. Plaintiff has filed a Reply in which he urges that the right under which the instant action is brought is one created by statute and that it differs from the derivative action involved in Ross v. Bernhard, *supra*. He further urges that a Section 16(b) action is not one available "at common law" as contemplated by the Seventh Amendment.

■ From the issues as framed by the parties, this Court must determine if the instant action based on Section 16(b) which is a federally created statutory right is one in which trial by jury is authorized under the Seventh Amendment. In Curtis v. Loether, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) the Court stated:

> ". . . The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law."

It thus becomes important as to whether the rights and remedies created by Section 16(b) are legal or equitable. The history and purposes of Section 16(b) have been considered in the recent cases of Reliance Electric Co. v. Emerson Electric Co., 404 U.S. 418, 92 S.Ct. 596, 30 L.Ed.2d 575 (1972) and Kern County L. Co. v. Occidental Petroleum Co., 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1973). In the latter case, it is stated in footnote 23:

> "The legislative history of § 16(b) reveals a congressional effort to curb short-swing trading by insiders whose position gives them access to information not available to the investing public and the ability to influence corporate policy.
>
> 'Among the most vicious practices unearthed at the hearings before the subcommittee was the flagrant *betrayal of their fiduciary duties* by directors and officers of corporations who used their positions of trust and the confidential information which came to them in such positions, to aid them in their market activities.' " (Emphasis supplied)

This Court must determine if the statutory action to recover moneys for the Defendant corporation based on the alleged breach of a fiduciary duty by a corporate officer is an action at law or one in equity. In 27 Am.Jur.2d, Equity, § 112, pp. 636 and 637 the text states:

> ". . . It is the function of the law courts to award damages for breach of contract or for tort, and if the purpose of the proceeding is merely the recovery of a sum of money, there can be no reason for resorting to equity, since the remedy at law is complete. A decree which is a simple money judgment based on a legal liability cannot possibly be sustained. Accordingly, a suit is held to be justiciable at law, and not in equity, where the purpose thereof is the recovery of damages which have been sustained by reason of fraud, a fraudulent conspiracy, or a *breach of fiduciary duty*, . . . ." (Emphasis supplied)

■ The Court concludes that the action herein based on Section 16(b) involves rights and remedies of the sort typically enforced in an action at law and Defendant Ross is entitled to a trial by jury. Plaintiff's Motion to Strike Demand for Trial by Jury is overruled.

Defendants' Demand for Jury Trial is sustained and this case will ultimately be placed on the jury docket of this Court.