Graham, J.
This is an action for breach of contract, conversion, invasion of privacy, wrongful interference with business relations, defamation, and two different counts alleging violation of G.L.c. 93A. The plaintiffs allege that an employment termination agreement which defendant American Science and Engineering, Inc. (“AS&E”) made with plaintiff Martin Annis (“Annis”) was a binding contract and that AS&E breached that contract. AS&E’s position is that the agreement was no more than a memorandum, or an agreement to agree, which, in any event, was rescinded when Annis breached his fiduciary duty as a corporate officer by making secret plans to take control of AS&E in the event that Annis and AS&E failed to reach a satisfactory termination agreement.
This matter is before the Court on the defendants’ motion for trial of the action by the court. After considering the submissions of both parties, the Court DENIES the motion.
BACKGROUND
Annis was the founder and chief executive officer of AS&E, which is concerned with the manufacture and sale of contraband-detection devices. During negotiations for a new contract with AS&E, Annis was represented by an attorney who also assisted him in formulating a plan to enter into a shareholder’s proxy fight if Annis was unable to negotiate an acceptable agreement. Annis’s secretaries kept his communications with his attorney in a special three-ring binder, which also contained various corporate documents.
On July 1, 1993, Annis and AS&E succeeded in reaching an agreement, which terminated Annis’s *106 management control and provided for a schedule of retirement payments as well as future consulting arrangements. After the agreement was reached, AS&E’s attorney came into possession of Annis’s binder. On July 27, 1993, AS&E’s board of directors repudiated the July 1 agreement, which, they asserted, was rescinded where Annis had induced the agreement by fraud.
DISCUSSION
The Seventh Amendment preserves the right to a trial by jury of all legal claims. Rescission is an equitable remedy, however, for which no right to a jury exists. When legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and “that discretion . . . must, wherever possible, be exercised to preserve jury trial.” Dollar Systems v. Avcar Leasing Systems, 890 F.2d 165, 170 (9th Cir. 1989), quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959). “(O)nly under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims.” Beacon Theatres, Inc. v. Westover, 359 U.S. at 510-11.
“(W]here equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.” Ross v. Bernhard, 396 U.S. 531, 537-38 (1970) (emphasis added). Thus, where there are issues common to both the equitable and legal claims, “the legal claims involved in the action must be determined prior to any final court decision of [the] equitable claims.” Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472 (1962). Otherwise, “]p]rior nonjury trial of the equitable claims may infringe the right to jury trial on the legal claims because of the collateral estoppel or res judicata effect of a prior judicial determination of issues common to the two sets of claims.” Calneti.es Corp. v. Volkswagen of America, Inc., 532 F.2d 674, 690 (9th Cir.), cert, denied, 429 U.S. 940 (1976).
Like the instant case, Dollar Systems v. Avcar Leasing Systems, supra, 890 F.2d 165, involved a plaintiffs breach of contract claim and a defendant’s rescission counterclaim. In Dollar, the issues relevant to the defendant’s rescission counterclaim concerned the extent of plaintiffs compliance — prior to the execution of the agreement — with the applicable state franchise law. The issue relevant to the plaintiffs breach of contract claim, on the other hand, concerned the defendant’s subsequent peiformance of the agreement. On those facts, the Dollar court found that, in resolving the defendant’s claims for rescission before considering the plaintiffs breach of contract claim, the lower court had neither infringed the plaintiffs Seventh Amendment rights nor abused its discretion. Dollar Systems v. Avcar Leasing Systems, supra, 890 F.2d at 170. In support of its holding, the Dollar court noted that, where the “legal and equitable claims asserted in a single action are entirely independent, the order of trial is immaterial and may be left in the discretion of the court.” Id. at 171, quoting 9 Wright & Miller, Federal Practice and Procedure §2035, at 35 (1971).
In the instant case, too, the legal and equitable claims appear — superficially—to be based on wholly discrete issues: The issue relevant to AS&E’s rescission counterclaim concerns Annis’s alleged fraud before the execution of the agreement, the issue relevant to Annis’s breach of contract claim concerns AS&E’s subsequent failure to perform the agreement. On closer inspection, however, it becomes clear that the two claims are by no means “entirely independent”; on the contrary, they both hinge on the same question: whether Annis’s secret contingency plan constituted a breach of his fiduciary duty to AS&E such that the directors of AS&E were justified in breaching the agreement with Annis.
Accordingly, since there are issues common to the defendants’ rescission claim and the plaintiffs’ breach-of-contract claim, the legal claim must be determined prior to any final decision by the court of the equitable claim. Dairy Queen, Inc. v. Wood, supra, 369 U.S. at 472.
ORDER
For the reasons discussed above, the defendants’ motion for trial by the court is DENIED.