LUTTIG, Circuit Judge,
concurring in part and concurring in the judgment in part.
I concur in full in Parts I, II, III, VI, and VII of the majority opinion. Although I agree with the majority’s holdings that “substitute property” in section 853(p) references property of the defendant at the time of the commission of the acts giving rise to forfeiture and that jury trials are not required in proceedings under section 853(n), I do not concur in Parts IV and V of the majority’s opinion because I do not subscribe to the reasoning employed by the majority in reaching these holdings.
The majority opinion holds, in Part IV, that “the substitute property that is subject to forfeiture under section 853(p) must be read to include all property of the defendant at the time of the commission of *280 the acts giving rise to the forfeiture.” Ante at 272. I believe that this is the correct interpretation of section 853(p). However, I believe that it is so for reasons different than those expressed by the majority.
Unlike the majority, I am neither inclined, nor do I see the need, to rest our interpretation of section 85S(p) on section 853(o)’s amorphous direction that section 853 should be construed so as to further the section’s remedial purpose. Instead, I would rest our interpretation on the comparatively straightforward textual and structural analysis that, were we to hold that substitute property under section 853(p) comprises only that property owned by the defendant at the time of his conviction, section 853 would be irreconcilable with section 853(n)(6), which provides that a third party, who is not a bona fide purchaser, may only prevail in an action for title to substitute property upon a showing that his interest in that property had vested at the time of the commission of the acts which gave rise to the criminal forfeiture. See 21 U.S.C. § 863(n)(6)(A). In other words, if we were to construe section 853(p) as appellants urge, that section would recognize an entitlement to property that section 853(n)(6) denies. We should not, and I would not, hold Congress to have intended such a textual and structural contradiction absent the most compelling evidence.
In Part V, the majority opinion holds that the right to a jury trial under the Seventh Amendment does not attach to the appellants’ third party petition under section 853(n). Again, I agree with the majority’s holding, but not with its analysis.
Under Supreme Court precedent, the question of whether there exists a Seventh Amendment right to have a jury decide a case for which the cause of action is created by statute is answered by first “compar[ing] the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity,” Tull v. United States, 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), and then “examin[ing] the remedy sought and determin[ing] whether it is legal or equitable in nature.” Id. at 418, 107 S.Ct. 1831.
The principal ground for the majority’s rejection of the jury trial right is its conclusion that a section 853(n) proceeding is ancillary to a criminal sentencing hearing, for which the jury trial right does not attach. I understand this characteristic of the section 853(n) proceeding to be immaterial under the Supreme Court’s framework to whether a jury trial is required. See Ross v. Bernhard, 396 U.S. 531, 540 & n. 15, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) (holding that the derivative nature of the plaintiffs’ shareholder suit was not relevant to the question of whether a jury trial attached to their cause of action under the Seventh Amendment and observing that the same is true of a party’s status as an intervenor). As that Court explained, “[t]he Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action.” Id. at 538, 90 S.Ct. 733 (emphasis added).
The majority holds, alternatively, that the right to a jury trial does not attach because an action under section 853(n) is “most analogous to an equitable petition to quiet title,” for which a jury trial is not required, ante at 274, and is disanalogous to an in rem civil forfeiture action, for which a jury trial is required. Of course, this analysis, unlike that in which it concludes that a section 853(p) proceeding is ancillary to a criminal sentencing proceeding, is properly focused upon the “nature of the issue to be tried,” in accordance *281 with the analytical framework erected by the Supreme Court. And as to both conclusions, I am in full agreement. As to the latter, however, I believe that it is correct for reasons different than those recited by the majority.
The majority dismisses appellants’ argument that section 853(n) proceedings are analogous to in rem civil forfeiture actions (and therefore require a jury trial) because 85S(n) proceedings (1) are in personam, not in rem, (2) brought against the defendant, not petitioners, and (3) are ancillary to a criminal sentencing proceeding, to which a jury trial does not attach. See ante at 274-275. I find none of these bases of distinction to be persuasive, and the majority neither explains nor provides support for the legal relevance of any of them.
I would instead reject appellants’ analogy to an in rem civil forfeiture action on the grounds that the relevant legal issues in such an action differ dramatically from those in an action under section 853(n). In section 853(n) proceedings, the sole legal issue before the court is the ownership interests of the competing parties, a consideration that is often irrelevant in an in rem civil forfeiture action, which turns instead on the culpability of the owner and the role of the property in the prohibited activity. See Austin v. United States, 509 U.S. 602, 611-18, 113 S.Ct. 2801, 125 L.Ed.2d 488 (detailing the history and nature of civil forfeiture actions).
With these reservations, I agree with the majority that the appellants are not entitled to a jury trial under the Seventh Amendment.