**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 2, 2022
Date Decided: November 16, 2022

Francis Pileggi, Esquire
Cheneise Wright, Esquire
Lewis Brisbois Bisgaard & Smith, LLP
500 Delaware Ave., Suite 700
Wilmington, DE 19801

Kenneth Wan, Esquire
Caneel Radinson-Blasucci, Esquire
Delaware Department of Justice
Carvel State Building
820 French Street, 6th Floor
Wilmington, DE 19801

> Re:   *Gavin J. Birney, Delaware State Sportsmen's Association, Inc. and Bridgeville Rifle & Pistol Club, LTD v. Delaware Department of Safety and Homeland Security; Nathaniel McQueen Jr., Melissa Zebley*, Civil Action No. 2022-0995-SG

Dear Counsel:

In this matter, the Plaintiffs (two gun clubs and an individual) contest the validity of 11 *Del. C.* §§ 1445, 1448, codifying HB 451 (the "Statute"). The Statute prohibits certain gun sales to, and possession by, individuals under the age of 21. According to the Complaint,[1] this law is unconstitutional under the U.S. Constitution and violates the right to bear arms located in Article 1 Section 20 of the Delaware Constitution of 1897, at least as applied to those aged 18-20 years. The Defendants are State of Delaware officials and agencies (collectively, "the

---

[1] Verified Compl. Declaratory and Injunctive Relief, DKT No. 1.

State") that would be responsible for enforcing the Statute. Undoubtedly, the Complaint raises interesting legal issues.

However, I must dismiss this Complaint (unless the Plaintiffs elect transfer to the Superior Court) because the Complaint raises *only* legal issues. This is a court of limited jurisdiction. Unless jurisdiction is conveyed by statute (a source of jurisdiction not pertinent here), Chancery jurisdiction exists *only* where adequate relief is not available at law.[2] Two flavors of such jurisdiction exist: for litigation of equitable causes of action (again, not applicable here); and where the relief available at law would be inadequate.

It is the latter jurisdictional hook that is asserted by the Plaintiff as the basis for Chancery jurisdiction. The Complaint seeks not only declaratory judgments (available at law or in Chancery),[3] but also a permanent injunction "to prevent [the State] from enforcing [the Statute];"[4] relief available only in equity. In a detailed section of the Complaint the Plaintiffs recount the basis for subject-matter jurisdiction: "This Court has subject-matter jurisdiction under 10 *Del. C.* § 341 because Plaintiffs seeks [sic] equitable relief in the form of a permanent injunction. *See, e.g.*, *Higgin v. Albence* . . . ; *Rigby [ v. Jennings]*."[5] As to the caselaw cited, I

---

[2] *Takeda Pharm. U.S.A., Inc. v. Genentech, Inc.*, 2019 WL 1377221, at *4 (Del. Ch. Mar. 26, 2019) (citing *Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *5 (Del. Ch. Oct. 5, 2018)).

[3] 10 *Del C.* § 6501.

[4] Compl. 46.

[5] *Id.* ¶ 19.

2

find it largely unhelpful. *Higgin* did not consider equitable jurisdiction,[6] which apparently was not raised by counsel or the court; *Rigby* did apply equitable relief,[7] but *Rigby* is a Federal case—the Federal courts merged law and equity (and obviated such subject matter questions) by at least 1938 when they adopted the first incarnation of the Rules of Civil Procedure.[8]

Nonetheless, if the Plaintiffs require equity to enforce a finding of unconstitutionality—that is, if it appears that the State would otherwise attempt to enforce an unconstitutional statute—they have stated a quintessential basis for equitable jurisdiction.

That premise is undoubtably correct, but the Plaintiffs' apparent conclusion—that the State will ignore a declaratory judgment of the Superior Court, affirmed (if appealed) by the Delaware Supreme Court, is absurd. Also absurd is the corollary conclusion—that State agencies, so unbridled and corrupt as to enforce unconstitutional laws in the face of such a finding by a court of law, would nonetheless be compliant with an order of this Court.

---

[6] *Higgin v. Albence*, 2022 WL 4239590 (Del. Ch. Sept. 14, 2022), *judgment entered*, (Del. Ch. 2022), *aff'd in part, rev'd in part*, 2022 WL 5333790 (Del. Oct. 7, 2022), *and amended*, (Del. Ch. 2022), *and aff'd in part*, *rev'd in part*, 2022 WL 5333790 (Del. Oct. 7, 2022).

[7] *Rigby v. Jennings*, 2022 WL 4448220 (D. Del. Sept. 23, 2022).

[8] *Ross v. Bernhard*, 396 U.S. 531, 539–40 (1970). Further, though different pleading was required in equity and law prior to 1938, Article III judges sat for cases in both law and equity *ab initio*. Kellen Funk, *Equity's Federalism*, 97 Notre Dame L. Rev. 2057, 2058 (2022).

When considering whether a complaint states a ground for equitable jurisdiction, this Court must look beyond the "facade of prayers," and ascertain what relief the plaintiffs are actually seeking.[9] An incantation of words seeking equitable relief works no magic if that relief is makeweight, pretextual or superfluous to the true relief needed.[10] Here, the Plaintiffs seek a determination that the Statute is unconstitutional and unenforceable as violative of constitutionally protected rights.[11] Such a final judgement would no doubt cause the agencies and officials involved to cease enforcing the Statute. For this Court to adopt the position that a permanent injunction of potential wrongful enforcement is *necessary* relief in such a case—like a similar finding that injunctive relief is necessary to enforcement of any money judgement—would serve as an "open sesame" to equity and would convert this into a court of general jurisdiction in violation of 10 *Del. C.* §§ 341, 342.[12]

That is not to say that equity has no place in enforcement of constitutional rights. It plainly, even famously, does.[13] Where there is a real chance that relief will not be forthcoming absent injunction, equity is invoked. Where the right

---

[9] *Int'l Bus. Machines Corp. v. Comdisco, Inc.*, 602 A.2d 74, 78 (Del. Ch. 1991) (citations omitted).
[10] *Id.*
[11] Compl. 45–46.
[12] *See Comdisco*, 602 A.2d at 78.
[13] *See Belton v. Gebhart*, 87 A.2d 862 (Del. Ch.), *aff'd*, 91 A.2d 137 (Del. 1952), *aff'd sub nom. Brown v. Bd. of Educ. of Topeka, Kan.*, 349 U.S. 294 (1955).

requires a remedy bespoke to the facts, equity is invoked. Where an ongoing deprivation of rights needs a remedy by interim relief, equity is invoked.[14] Where, as here, all that is sought at law is a legal declaration that an unconstitutional law is unenforceable, and all that is sought in equity is a permanent injunction based on a final adjudication of the former, the request for injunctive relief is an insufficient tool to prize the door of Chancery.

It has been, and remains, my practice, where I doubt the existence of a sufficient basis for equitable jurisdiction, to ask the parties to address the issue. In that light, I should explain why I dismiss *sua sponte* here, without the advice of the parties. A few years ago, I heard a similar complaint[15] (the "Prior Action") alleging the unconstitutionality of state regulation of the right to bear arms, also seeking declaratory judgement, and also invoking equity via enforcement of such judgement by injunction.[16] The plaintiff organizations in the Prior Action *were the very same as the Plaintiffs here.* Those plaintiffs were represented by *the same counsel* as the Plaintiffs here. After oral argument, I dismissed that matter *sua*

---

[14] I note that the Complaint lacks a prayer for a preliminary injunction and seeks only a permanent injunction.

[15] *Bridgeville Rifle & Pistol Club, Ltd v. Small*, C.A. No. 11832-VCG (Del. Ch. Jun. 15, 2016) (TRANSCRIPT).

[16] Verified Compl. for Declaratory and Injunctive Relief, *Bridgeville Rifle & Pistol Club, Ltd v. Small*, C.A. No. 11832-VCG (Del. Ch. Dec. 21, 2015), DKT No. 1.

*sponte* subject to transfer to the law courts, where, I note, the plaintiffs ultimately received the relief they sought.[17]

In dismissing the Prior Action, I held from the bench that:

> There was a request for injunctive relief here, and I certainly believe it was made in good faith. I'm going to quote here the same language that the court used in Doe v. Coupe quoted from the Comdisco opinion. 'It has been frequently said that this Court, in determining jurisdiction, will go behind the facade of prayers to determine the true reason for which plaintiff has brought the suit. By this, it is meant that a judge in equity will take a practical view of the complaint and will not permit a suit to be brought in Chancery where a complete legal remedy otherwise exists but where the plaintiff has prayed for some type of traditional equitable relief as a kind of formulaic open sesame to the Court of Chancery. A practical analysis of the adequacy of any legal remedy then must be the point of departure for each matter which comes before this Court.'
> * * *
> Here, there is an allegation of irreparable harm, but it is irreparable harm that is going to be repaired by, or to the extent it can be repaired, that it's going to be alleviated by a decision about the propriety of these regulations; that is, by declaratory judgment.
> All that is really necessary here is for a court to issue a declaratory judgment. If the Superior Court or this Court tells the State that these laws are not constitutional, then that really ends the matter. There is no further relief that is necessary.[18]

That case, and holding, are on all fours here. Of course, I may be, or may have been, mistaken, a matter which could be addressed by motion for reargument or interlocutory appeal, if appropriate. And I do not hesitate to aver that I have

---

[17] *Bridgeville Rifle & Pistol Club, Ltd. v. Small*, 176 A.3d 632, 661–62 (Del. 2017).
[18] *Bridgeville Rifle & Pistol Club, Ltd v. Small*, C.A. No. 11832-VCG, 82–83 (Del. Ch. Jun. 15, 2016) (TRANSCRIPT).

6

great respect for Plaintiffs' counsel, who is one of the leading equity practitioners in our bar. On the other hand, I have no interest in having my courtroom become the Echo Canyon of equity. Accordingly, the Complaint is dismissed with leave to transfer. An Order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| GAVIN J. BIRNEY; DELAWARE STATE SPORTSMEN'S ASSOCIATION, INC. and BRIDGEVILLE RIFLE & PISTOL CLUB, LTD., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2022-0995-SG |
| DELAWARE DEPARTMENT OF SAFETY AND HOMELAND SECURITY; NATHANIEL MCQUEEN JR. in his official capacity as Cabinet Secretary, Delaware Department of Safety and Homeland Security; and COL. MELISSA ZEBLEY in her official capacity as superintendent of the Delaware State Police, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER DISMISSING THE COMPLAINT WITH LEAVE TO TRANSFER

AND NOW, this Wednesday, November 16, 2022, upon review of Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief (the "Complaint"), IT IS HEREBY ORDERED that the Complaint is DISMISSED in its entirety with leave to transfer subject to 10 *Del C.* § 1902.

/s/ Sam Glasscock III

Vice Chancellor