Robert URQUHART, Plaintiff,

v.

Gregory WERTHEIMER and
Chelmsford Holdings,
Inc., Defendants.

Civil Action No. 09–10984–JLT.

United States District Court,
D. Massachusetts.

Aug. 24, 2009.

Jonathan Auerbach, Berger & Montague, P.C., Philadelphia, PA, Kevin Marcus Colmey, Ira K. Gross, Sullivan & Worcester LLP, Boston, MA, Jerome M. Marcus, Marcus & Auerbach, Wyncote, PA, for Plaintiff.

Timothy J. Ervin, John F. Gallant, Gallant & Ervin, LLC, Chelmsford, MA, for Defendant.

## MEMORANDUM

TAURO, District Judge.

### I. *Introduction*

Plaintiff Robert Urquhart, a limited partner of the Chelmsford Holding Limited Partnership ("the Partnership"), brings this action against Defendant Gregory Wertheimer, another limited partner of the Partnership, and Defendant Chelmsford Holdings, Inc. ("CHI"), the Partnership's general partner, for, among other things, breach of contractual and fiduciary duties. Presently at issue is Defendants' *Motion to Dismiss,* pursuant to Rule 19 of the Federal Rules of Civil Procedure for failure to name necessary and indispensable parties. For the following reasons, Defendants' Motion is ALLOWED.

### II. *Background*

The Partnership was formed in 1992 with the purpose of making certain real

estate investments. The Partnership's sole income-producing asset is a property known as "Chelmsford Mills," which the Partnership leases to third-party tenants. CHI has been the general partner of the Partnership since its inception. Presently, the ownership of the Partnership is as follows: Plaintiff owns 32.19%; Defendant Wertheimer owns 15.27%; Defendant CHI owns 6.26%; Bea Alice Loos, Defendant Wertheimer's wife, owns 25%; Richard Wertheimer, Defendant Wertheimer's brother, owns 8.43%; Edward Spilka owns 6.60%; and Suzanne Wertheimer, Defendant Wertheimer's sister, owns 6.25%.[1]

Plaintiff alleges that Defendants have acted in furtherance of their own interests rather than for the benefit of the Partnership, breaching the Partnership agreement and their duties under common law. Plaintiff brings this action in diversity, as Plaintiff is a Pennsylvania resident, Defendant Wertheimer is a Massachusetts resident, and Defendant CHI is a Massachusetts corporation. Defendants move to dismiss for failure to include the Partnership and the other limited partners as parties to this action.

## III. *Discussion*

### A. *Legal Standard for Motion to Dismiss Pursuant to Rule 19*

Rule 19(a) requires joinder of "necessary" parties when feasible.[2] A party is necessary if (1) "complete relief cannot be accorded" in that party's absence;[3] or (2) the party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party]'s

absence may ... impair or impede the [party]'s ability to protect the interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[4]

Rule 19(b) then provides for dismissal of the action if joinder of the necessary parties is not feasible, but the parties are "indispensable" such that the suit may not be litigated without them.[5] The court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed."[6] Rule 19(b) lists the four factors the court should consider: (1) "the extent to which a judgment rendered in the [party]'s absence might prejudice that [party] or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided by" other measures; (3) "whether a judgment rendered in the [party]'s absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."[7]

### B. *Rule 19 in the Diversity Context*

When the district court is sitting in diversity, "the joinder of a nondiverse party is not feasible because such joinder destroys the court's subject matter jurisdiction."[8] Diversity jurisdiction requires complete diversity between the plaintiffs and the defendants in the suit.[9] If the action implicates a necessary, nondiverse absentee, the court must determine whether the absent party "is so indispensable

---

1. Gregory Wertheimer Decl. 1–2.

2. Fed.R.Civ.P. 19(a).

3. *Id.* 19(a)(1)(A).

4. *Id.* 19(a)(1)(B).

5. *Id.* 19(b).

6. *Id.*

7. *Id.* 19(b)(1)-(4).

8. *Picciotto v. Cont'l Cas. Co.,* 512 F.3d 9, 17 (1st Cir.2008).

9. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

that the court should dismiss the case for want of subject matter jurisdiction."[10]

Here, Defendants argue that the Partnership and other limited partners are necessary parties. Joinder of the Partnership, in particular, would destroy complete diversity because the citizenship of a partnership is determined by the citizenship of each of its members.[11] Whether joined as a plaintiff or defendant, the Partnership would automatically share the citizenship of the limited partner on the opposing side of this action. If the Partnership is a necessary party, joinder would thus not be feasible, and this court would be required to determine whether the Partnership is indispensable to this litigation.

## C. Necessary and Indispensable Party

■ Resolution of Defendants' Motion turns on whether Plaintiff's claims are "direct," or "derivative" of a right retained by the Partnership. Instructive on this issue is Judge Keeton's opinion in *Blasberg v. Oxbow Power Corp.*[12] Applying principles of corporate law to the limited partnership context, Judge Keeton examined the distinctions between a direct and a derivative suit.[13] A suit is "derivative" if the source of the plaintiff's claim of right "flows from the breach of a duty owed by the defendants to the corporation" and the harm to the plaintiff thus "flows through the corporation."[14] Examples of derivative claims include "mismanagement of funds" and "embezzlement or breach of fiduciary duty resulting in a diminution of the value of the corporate stock or assets."[15] A suit is "direct" if "the right flows from the breach of a duty owed directly to the plaintiff independent of the plaintiff's status as a shareholder, investor, or creditor of the corporation."[16] An example of a direct claim is one in which the plaintiff alleges that he was "misled or defrauded in the purchase" of an investment.[17]

This court holds that Plaintiff's action asserts claims that are derivative in nature. The Complaint includes counts for breach of the Partnership agreement, breach of fiduciary duty owed to the Partnership and all its limited partners, breach of the implied covenant of good faith and fair dealing, unjust enrichment, imposition of a constructive trust, and removal of CHI as general partner.[18] These counts are rooted in allegations that Defendants have paid themselves excessive management fees, borrowed money in the name of the Partnership for personal use, caused the Partnership to lend money at below-market interest rates, and commingled Partnership funds with their own.[19] These claims are clearly for harm that flows through the Partnership first and then to all the limited partners, not merely Plaintiff. The claims are therefore derivative, rather than direct, in nature.[20]

---

10. *Picciotto,* 512 F.3d at 17.

11. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990).

12. 934 F.Supp. 21 (D.Mass.1996).

13. *See id.* at 26–28.

14. *Id.* at 26.

15. *Id.*

16. *Id.*

17. *Id.*

18. *See* Compl. 1.

19. *See id.* 1–2.

20. *Cf. Blasberg,* 934 F.Supp. at 28 (concluding that claims of breach of "the implied covenant of good faith and fair dealing, along with the fiduciary duty of the utmost good faith, loyalty and fair dealing … at the expense of the Partnership and the Trust" were derivative in nature).

Because Plaintiff asserts claims that are derivative to rights retained by the Partnership, this court concludes that the Partnership is both a "necessary" and "indispensable" party to this action. "In a derivative action the party on whose behalf a suit is brought ... is indispensable." [21] As such, Defendants have satisfied the requirements of Rule 19(a) and (b). Rule 19(a) is satisfied not only because Plaintiff's claims are derivative, but because any recovery against CHI would flow first to the Partnership and then to all its limited partners, placing a constructive trust over monies received by the Partnership would affect the Partnership's ability to manage its affairs, and removal of CHI as general partner implicates and potentially prejudices the entire Partnership.

For similar reasons, the four factors of Rule 19(b) favor Defendants. Imposition of a constructive trust and removal of CHI as general partner have the potential to prejudice the Partnership. Such prejudice could not be lessened by protective provisions, shaping the relief, or other measures because it ensues from the very relief that Plaintiff seeks in this action. An adequate judgment could not be rendered in the Partnership's absence because the Partnership and other limited partners could challenge a constructive trust and removal of CHI as general partner in separate lawsuits, and any damages would flow through the Partnership in general to all the limited partners individually. Finally, Plaintiff would have an adequate remedy if this case were dismissed because Plaintiff could refile this action in state court naming the Partnership and all the limited partners, or file an action in either federal or state court against the same Defendants by asserting only direct claims.

Plaintiff's primary arguments against dismissal are that his claims are direct rather than derivative in nature and that Defendants have not satisfied the Rule 19(a) and (b) factors because Defendant Wertheimer controls all the nonparty limited partners. For the reasons already discussed, Plaintiff is incorrect that he has only asserted direct claims. Plaintiff's assertion that Defendant Wertheimer controls all the nonparty limited partners is contradicted by declarations submitted by two of the nonparty limited partners [22] and "ignores the existence of the Partnership as an independent legal entity that retains its own rights, obligations and property." [23]

### IV. *Conclusion*

For the foregoing reasons, Defendants' *Motion to Dismiss* is ALLOWED. This case is hereby DISMISSED WITHOUT PREJUDICE to filing an action asserting only direct claims against Defendants.

AN ORDER HAS ISSUED.

---

21. *Id.* at 23 (citing *Ross v. Bernhard*, 396 U.S. 531, 538–39, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970) ("The claim pressed by the stockholder against directors or third parties 'is not his own but the corporation's.' The corporation is a necessary party to the action ...." (citation omitted))).

22. Richard Wertheimer Decl.; Edward Spilka Decl.

23. *Blasberg*, 934 F.Supp. at 28.